## SHEPARD *v.* ADAMS.

ERROR TO THE DISTRICT COURT OF THE UNITED STATES FOR THE DISTRICT OF COLORADO.

No. 134. Submitted December 2, 1897. — Decided January 3, 1898.

When the court below has not acquired jurisdiction over a defendant by a valid service of process upon him, a judgment against him can be reviewed here through a writ of error directly sued out to this court.

While it was the undoubted purpose of Congress in enacting in the act of June 1, 1872, c. 255, § 5, embodied in Rev. Stat. § 914, that the "practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record in the State within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding," to bring about a general uniformity in Federal and state proceedings in civil cases, and to confer upon suitors in courts of the United States the advantage of

Statement of the Case.

remedies provided by state legislation, yet it was also the intention to reach that uniformity largely through the discretion of Federal courts, exercised in the form of rules, adopted from time to time, so regulating their own practice as might be necessary or convenient for the advancement of justice and the prevention of delays in proceedings.

The summons in this case was issued under a general rule adopted to make proceedings in the District Court conform to those existing at that time under the state statutes; and if the court has not changed its rules to make its proceedings conform to subsequent statutes changing the state proceedings, it is to be presumed that its discretion was legitimately exercised both in adopting and in maintaining the rule.

THIS was an action brought in the District Court of the United States for the District of Colorado, by Frank Adams, receiver of the Commercial National Bank of Denver, against J. B. Shepard on a promissory note, dated June 7, 1893, wherein said Shepard promised to pay to the said bank, thirty days after date, the sum of twenty thousand dollars.

A writ of summons, in the form prescribed by the rule of that court, was sued out against the said defendant on the 24th day of August, 1895, whereby he was required to appear and demur or answer to the complaint filed in said action in said court within ten days, (exclusive of the day of service,) after the summons should be served on him, if such summons should be made within the county of Arapahoe, otherwise within forty days from the day of service.

On August 27, 1895, the deputy marshal made return of said writ as served that day on the defendant at Denver, county of Arapahoe.

Within ten days after the service of said summons, to wit, on the 4th day of September, 1895, the defendant, by his attorneys, specially appeared and moved the court to quash the summons for the following reasons:

" First. Said summons is not such a summons as is provided for by the statutes of Colorado. The said summons is made returnable and requires the defendant to appear and answer in this action in this court within ten days from the day of the service of said summons, instead of thirty days, as provided by the statutes of Colorado.

" Second. The copy of said summons served upon said

defendant is not certified to as a true copy by the clerk of this honorable court."

Thereafter, to wit, on the 4th day of. January., 1896, the court, after hearing argument of counsel, overruled said motion, and the defendant electing to stand by said motion, rendered judgment in favor of the plaintiff and against the defendant, according to the prayer of the complaint.

A bill of exceptions was signed and a writ of error allowed to the Supreme Court of the United States.

It appears, by the bill of exceptions, that, on March 17, 1877, the general assembly of the State of Colorado passed an act entitled "An act providing a system of procedure in civil actions in the courts of justice of the State of Colorado," which act contained the following provisions: Code, 1877, c. 3.

" Civil actions in the district courts and county courts shall be commenced by the filing of a complaint with the clerk of the court in which the action is brought and the issuing of a summons therein; provided, that after the filing of the complaint a defendant in the action may enter his appearance therein, personally or by attorney, which appearance shall be equivalent to personal service of the summons upon him."

" The time in which the summons shall require the defendant to answer the complaint shall be as follows: 1st. If the defendant is served within the county in which the action is brought, ten days. 2d. If the defendant is served out of the county, but in the district in which the action is brought, twenty days. 3d. For all other cases, forty days."

The summons in this cause was issued and made returnable under and in pursuance of a general rule of the District Court of the United States for the District of Colorado, adopted on October 10, 1877, which is in the following terms: .

" Actions at law shall be commenced by filing a complaint with the clerk, upon which a summons shall be issued, directed to the defendant, requiring him to appear and demur or answer to the complaint within ten days from the day of service, if such service shall be made within the county from which the summons was issued, and within forty days from the day of service if such service shall be made elsewhere in the district.

Except as provided in these rules and in the laws of the United States, the summons and the pleadings, and proceedings in the action shall be as prescribed in the laws of the State."

It further appears that the general assembly of the State of Colorado passed an act on April 7, 1887, repealing the above provisions in the act of 1877, and enacting as follows:

. " Civil actions shall be commenced by the filing of a complaint with the clerk of the court in which the action is brought, or by the service of a summons.

" The complaint must be filed within ten days after the summons is issued, or the action may be dismissed without notice, and in such case the court may, in its discretion, if it shall be of the opinion that the action was vexatiously commenced, tax a reasonable attorney's fee as costs in favor of defendant, to be recovered of plaintiff or his attorney."

It also appears that the said general assembly, on April 19, 1889, passed an act, since then and now in force, containing the following provision:

" Section thirty-four of an act entitled 'An act to provide a code of procedure in civil actions for courts of record in the State of Colorado, and to repeal all acts inconsistent therewith,' approved April 7, 1887, is hereby amended to read as follows:

" The summons shall state the parties to the action, the State, county and court in which it is brought, and require the defendant to appear and answer the complaint within twenty days after the service of the summons, if served in the county in which the action is brought; or if served out of such county or by publication, within thirty days after the service of the summons, exclusive of the day of service, or that judgment by default will be taken against him according to the prayer of the complaint, and shall briefly state the sum of money or other relief demanded in the action; but the summons shall not be considered void or erroneous on account of an insufficient statement of the relief demanded, unless the same is manifestly misleading. If a copy of the complaint be not served with the summons, or if the service be made out of the State, ten days additional to the time specified in the

summons shall be allowed for appearance and answer, but the form of the summons shall be the same in all cases."

*Mr. T. J. O'Donnell* for plaintiff in error.

*Mr. C. S. Thomas, Mr. W. H. Bryant* and *Mr. H. H. Lee* for defendant in error.

MR. JUSTICE SHIRAS, after stating the case, delivered the opinion of the court.

This case is brought here, under section 5 of the act of March 3, 1891, as one involving a question of the jurisdiction of the District Court of the United States for the District of Colorado; and the first contention we have to meet is that of the defendant in error, that the case is not really within the meaning of that section of said act, but presents only the case of an alleged error in the judgment of the District Court, redress for which should have been sought in the Circuit Court of Appeals. It is said that the question of whether or not the District Court acquired jurisdiction by a proper service of process is not one which involves the jurisdiction of the court, within the meaning of that term as used in the act; and the case of *Smith* v. *McKay*, 161 U. S. 355, is cited as sustaining such a view.

In the case referred to, the respective parties were duly in court and the subject-matter of the controversy was within the jurisdiction of the court; but it was claimed by the defendant that the plaintiff, instead of asserting his right by a bill in equity, should have proceeded by an action at law, which afforded an adequate remedy. The court below was of opinion that the plaintiff was not wrong in seeking his remedy in equity. Thereupon the defendant brought the case here directly, contending that the case involved the question of the jurisdiction of the Circuit Court, within the meaning of section 5 of the act of March 3, 1891. But it was held here that the court, in deciding that the plaintiff's remedy was in equity and not at law, was in the lawful exercise of its jurisdiction, and that, if

the court was wrong in so deciding, it was an error for which the defendant should have sought his remedy in the Circuit Court of Appeals.

The present case differs from *Smith* v. *McKay* in the essential feature that the contention is that the court below never acquired jurisdiction at all over the defendant by a valid service of process. In such a case there would be an entire want of jurisdiction, and a judgment rendered without jurisdiction can be reviewed on a writ of error directly sued out to this court.

The case, then, being properly before us, we must next consider whether the court below erred in assuming and exercising jurisdiction in the cause by rendering a final judgment against the defendant.

It is contended that the defendant had not been brought within the jurisdiction of the court by a proper writ of summons, and that the defendant, having duly asserted an objection, the judgment entered is void.

It is not denied that the writ in question was in conformity with the existing rule of the District Court of the United States, regulating the service of process, but it is claimed that the rule and proceedings thereunder are invalid because they did not conform to the provisions of the act of the general assembly of Colorado, providing a system of procedure in civil actions in the courts of justice of that State.

The proposition is based on the supposed meaning and effect of the act of Congress of June 1, 1872, as found in section 914 of the Revised Statutes, in the following terms: " The practice, pleadings and the forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the State within which such Circuit or District Courts are held, any rule of court to the contrary notwithstanding."

This section is construed by the plaintiff in error as constituting a peremptory order or direction to the District and Circuit Courts to make their rules regulating the terms and

service of their writs to strictly conform to the provisions of the state statutes regulating such matters.

Waiving any inquiry whether it is competent for a private party, duly served with process in pursuance of the directions of an existing general rule of a court of the United States, to bring into question the validity of such a rule, we think that upon a reasonable construction of section 914 and of cognate sections, presently to be mentioned, the validity of the summons and judgment in the present case can be sustained. It is obvious that a strict and literal conformity by the United States courts to the state provisions regulating procedure is practically impossible, or, at least, not without overturning and disarranging the settled practice in the Federal courts.

The state code of Colorado provides that civil actions shall be commenced by the issuing of a summons or the filing of a complaint; that the summons may be issued by the clerk of the court or by the plaintiff's attorney; it may be signed by the plaintiff's attorney; it may be served by a private person not a party to the suit. All writs and processes issuing from a Federal court must be under the seal of the court and signed by the clerk, and bear teste of the judge of the court from which they issue. Sec. 911, Revised Statutes. The processes and writs must be served by the marshal or by his regularly appointed deputies. Secs. 787 and 788, Revised Statutes.

The very section (914) relied on by the plaintiff in error, takes notice of the impossibility of an entire adoption of state modes of proceeding by providing that conformity is only required " as near as may be."

Section 915, Revised Statutes, provides that in common law cases in the Circuit and District Courts the plaintiff shall be entitled to similar remedies, by attachment or other process, against the property of the defendant, which are provided by the laws of the State in which such court is held; and that such Circuit or District Courts may, from time to time, by general rules, adopt such state laws as may be in force in the States where they are held in relation to attachments and other process.

Section 916, Revised Statutes, provides that the party re-

covering a judgment in any common law cause, in any District or Circuit Court, shall be entitled to similar remedies upon the same, by execution or otherwise, to reach the property of the judgment debtor, as are now provided by laws of the State in which the court is held, or by any such laws hereafter enacted, which may be adopted by general rules of such Circuit or District Court; and that such courts may, from time to time by general rules, adopt such state laws as may hereafter be in force in each State in relation to remedies upon judgments, as aforesaid, by execution or otherwise.

Section 918, Revised Statutes, provides " that the several Circuit and District Courts may, from time to time, and in any manner not inconsistent with any law of the United States, or with any rule prescribed by the Supreme Court, make rules and orders directing the returning of writs and processes, the filing of pleadings, the taking of rules, the entering and making up of judgments by default, and other matters in vacation, and otherwise regulate their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings."

We think it is sufficiently made to appear, by these citations from the statutes, that while it was the purpose of Congress to bring about a general uniformity in Federal and state proceedings in civil cases, and to confer upon suitors in courts of the United States the advantage of remedies provided by state legislation, yet that it was also the intention to reach such uniformity often largely through the discretion of the Federal courts, exercised in the form of general rules, adopted from time to time, and so regulating their own practice as may be necessary or convenient for the advancement of justice and the prevention of delays in proceedings.

In *Nudd* v. *Burrows*, 91 U. S. 426, it was sought to interpret the act of June 1, 1872, (sec. 914, Revised Statutes,) as bringing the Federal judges, when charging a jury in Illinois within the practice act of that State, directing that the court, in charging the jury, shall instruct them only as to the law of the case, and give no instructions unless reduced to writing. But this court held that the statute was not intended to have

such an application, and that the course of the court, in charging juries, was not within the act.

In *Indianapolis & St. Louis Railroad* v. *Horst,* 93 U. S. 291, a similar view was taken, and it was held that, in respect to submitting interrogatories to the jury and to entertaining motions for a new trial, the Circuit Court of the United States was not, by reason of the provisions of the act of June 1, 1872, constrained to follow a state law regulating those matters; and it was said: "The conformity is required to be 'as near as may be'—not as near as may be *possible,* or as near as may be *practicable.* This indefiniteness may have been suggested by a purpose; it devolved upon the judges to be affected the duty of construing and deciding, and gave them the power to reject, as Congress doubtless expected they would do, any subordinate provision in such state statute which, in their judgment, would unwisely encumber the administration of the law, or tend to defeat the ends of justice, in their tribunals."

To the same effect is *In re Chateaugay Ore & Iron Co., Petitioner,* 128 U. S. 544, where it was held that the practice and rules of the state court do not apply to proceedings taken in a Circuit Court of the United States for the purpose of reviewing in this court a judgment of such Circuit Court; and that such rules and practice, embracing the preparation, perfection, settling and signing of a bill of exceptions, are not within the "practice, pleadings and forms and modes of proceeding" which are required by section 914 of the Revised Statutes to conform as "as near as may be" to those existing at the time in like causes in the courts of record of the State.

In *Southern Pacific Company* v. *Denton,* 146 U. S. 202, the subject and the cases were reviewed at some length, and it was held that a statute of a State, which makes an appearance in behalf of a defendant, although in terms limited to the purpose of objecting to the jurisdiction of the court, a waiver of immunity from jurisdiction by reason of non-residence, is not applicable to actions in a Circuit Court of the United States, held within the State, under Revised Statutes, § 914. *Luxton* v. *North River Bridge Co.,* 147 U. S. 337; *Lincoln* v. *Power,* 151 U. S. 436.

The general rule, under which was issued the summons by which the plaintiff in error was brought into court, was adopted by the District Court of the United States for the District of Colorado on October 10, 1877, and it was in substantial conformity with the statute of Colorado then in force. Several changes in the laws of Colorado, regulating forms of procedure and the times given for defendants to appear to writs of summons, have been since enacted, but the District Court has not seen fit to alter its rules, from time to time, in subserviency to such changes. We have a right to presume that the discretion of the District Court was legitimately exercised in both adopting and maintaining the rule in question; and its judgment is accordingly

*Affirmed.*

MR. JUSTICE WHITE and MR. JUSTICE PECKHAM dissented.