## GOKEY v. BOSTON & M. R. CO.

(Circuit Court, D. Vermont. June 8, 1904.)

1. FEDERAL COURTS—PROCESS—SERVICE—RULES—STATE LAWS.

　　Rev. St. § 918 [U. S. Comp. St. 1901, p. 685], provides that federal courts may make rules directing the return of writs, for the advancement of justice and the prevention of delays, under which a federal court sitting in Vermont adopted a rule providing that all processes shall be returnable to the next term, if there be time for seasonable service thereof, according

---

¶ 1. State laws as rules of decision in federal courts, see notes to Griffin v. Overman Wheel Co., 9 C. C. A. 548; Wilson v. Perrin, 11 C. C. A. 71; Hill v. Hite, 29 C. C. A. 553.

to the laws of the state. *Held*, that notwithstanding Rev. St. § 914 [U. S. Comp. St. 1901, p. 684], requiring the practice, pleadings, forms, and modes of proceedings in civil causes, other than equity and admiralty causes, to conform to the practice in state courts of record, a writ of attachment issued by such federal court, dated 22 days before, and made returnable at the succeeding term under such rule, was valid, though it did not comply with the state statute requiring state writs to contain a direction for service and return within 21 days after date of the process.

Harland B. Howe, for plaintiff.
George B. Young, for defendant.

WHEELER, District Judge. The statutes of the United States require the practice, pleadings, and forms and modes of proceeding in civil causes, other than equity and admiralty causes, to conform, as near as may be, to those of like causes·at the time in the courts of record of the state. Rev. St. § 914 [U. S. Comp. St. 1901, p. 684]. Those in the state now require writs in such cases as this to contain the direction, "Fail not but service and return make within twenty-one days from date hereof," and require the writs to be served within 21 days from date, and the·defendant to enter an appearance within 42 days. Rule 8 of this court, made before the present law of the state in this respect, requires that "all mesne process shall be returnable to the next regular term, if there shall be time for seasonable service thereof according to the laws of this state." The writ in this case is one of attachment, dated 22 days before, and made returnable at this term, and was served by attaching the property of the defendant. Attorneys appeared for the defendant on the first day of the term for the purpose only of filing a motion to dismiss and a plea in abatement, and did file such a motion, founded upon the form of the writ, except where it contained issuable allegations not allowable in such motions, and a plea in abatement on account of the service. The plaintiff has filed a replication to the plea, not yet answered, and a motion to dismiss the defendant's motion, as incompatible with the plea, and these motions have been heard.

Apparently, the defendant's motion to dismiss should not be dismissed, whatever the effect of that and the plea may be upon each other, but should stand for what it amounts to, as it comes up for hearing before the plea. A defect in the writ apparent on its face may be reached in this way. It properly now raises the question whether this is a good writ. This question would be more serious and difficult but for section 918, Rev. St. [U. S. Comp. St. 1901, p. 685], which provides that the several circuit and district courts may, from time to time, "* * * make rules and orders directing the returning of writs and processes * * * as may be necessary·or convenient for the advancement of justice and the prevention of delays in proceedings." In the state courts there are but two terms in a year, having jurisdiction of such cases, and it appears to have been thought best to have writs returnable oftener; but this court has three regular terms in each year, and it has not been considered that to have writs returnable oftener would be advantageous for the advancement of justice or the prevention of delays. Therefore the rule requiring such process to be returnable at the regular terms has been retained

without change. That this course is proper seems to appear not only from the words of the statutes, but from Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602, where a summons made returnable according to a rule of the federal court, and not in conformity with a changed state statute, was, after full examination of the subject, upheld.

Upon this view, this writ appears to be regular and good, and the defendant's motion to dismiss must be overruled. The plea in abatement must remain for termination in an issue of fact or of law. Motion to dismiss overruled.