## BOSTON AND MAINE RAILROAD *v.* GOKEY.

CERTIORARI TO THE CIRCUIT COURT OF APPEALS FOR THE SECOND CIRCUIT.

No. 198.    Argued April 14, 1908.—Decided May 18, 1908.

A defendant defeated on the merits after having specially assailed the jurisdiction of the Circuit Court because of defective writ and service is not bound to bring the jurisdictional question directly to this court on certificate under § 5 of the act of March 3, 1891; he may take the entire case to the Circuit Court of Appeals and on such appeal it is the duty of that court to decide all questions in the record; and, if jurisdiction was originally invoked for diversity of citizenship, the decision would be final except as subject to review by this court on certiorari.

Where the Circuit Court of Appeals has refused to decide a question, this court may either remand with instructions, or it may render such judgment as the Circuit Court of Appeals should have rendered, and where the new trial would, as in this case, involve a hardship on the successful party, it will adopt the latter course.

Where, under §§ 914, 918, Rev. Stat., the Circuit Court has adopted a rule of practice as to form and service of process in conformity with the state

practice, it is not bound to alter the rule so as to conform to subsequent alterations made in the state practice.

Under §§ 1109, 3948, 3949, Vermont Statutes, the service of process on a division superintendent in charge of the property attached belonging to a defendant railroad corporation *held*, to be sufficient.

THE plaintiff below, who is respondent in this court, was in the service of the railroad company, petitioner, and in November, 1901, was injured by being knocked off a freight car at a place called Lyndon, in the county of Caledonia and District of Vermont. The car was one of a freight train moving in the railroad yard and the plaintiff was struck, while on his car attending to the brake, by some portion of the iron switch staff, alleged to have been negligently built too high, and too near the railroad track. The injury made it necessary to amputate one of the legs of the plaintiff just above the ankle. He sought to recover damages for the injury and to that end this action was commenced by attachment in the Circuit Court of the United States for the District of Vermont.

The jurisdiction of the court was founded solely upon the diversity of citizenship, the plaintiff being a citizen of Vermont and the railroad being a citizen of Massachusetts, and operating, as lessee, the Connecticut and Passumpsic Rivers Railroad Company in the State of Vermont, on which road the accident occurred.

The service of the writ was made upon the division superintendent, at his office near Lyndon, in Vermont and the attachment was executed by attaching at that place two locomotives, the property of the railroad.

The defendant appeared only for the purpose. of filing a motion to dismiss the writ because of its form, and also for the purpose of filing a plea in abatement on account of the alleged defective service of the writ. The defendant's motion to dismiss the writ was denied, and a demurrer to the plaintiff's replication to the defendant's plea in abatement was overruled, the result of the whole being that plaintiff's writ and its service were both allowed to stand.

The defendant then filed a plea to the merits, on which the parties went to trial, resulting in a verdict of $3,350 for the plaintiff.

The defendant took the case by writ of error to the Circuit Court of Appeals, where the judgment was affirmed; but that court refused to decide the question of jurisdiction of the Circuit Court, which had been argued before it at the same time with questions upon the merits, on the ground that the Circuit Court of Appeals had no jurisdiction to decide it.

On application, this court granted a writ of certiorari.

*Mr. George B. Young,* with whom *Mr. John Young* was on the brief, for petitioner:

The original writ in the suit of *John N. Gokey* v. *Boston & Maine Railroad,* returnable to the United States Circuit Court for the District of Vermont, was insufficient. Sec. 914, Rev. Stat.; Rules 7, 8, U. S. Circuit Court for Dist. of Vermont; Judiciary Act of Vermont, of March, 1797; Rev. Stat. Vermont, 1839, ch. 28, § 10; Gen. Stat. Vermont, 1863, ch. 33, § 19; Rev. Laws Vermont, 1880, § 868; Vermont Stat., 1894, §§ 1088, 1089, 1090; Laws of Vermont, 1898, No. 137.

The Boston and Maine Railroad, being a foreign corporation and a non-resident of Vermont, the Circuit Court could not acquire jurisdiction of the original action, nor of this petitioner, the defendant therein, except by a valid attachment of property of this petitioner in Vermont and a legal service of the original writ in accordance with the laws of the State of Vermont. No such service nor attachment was made and the Circuit Court for the District of Vermont acquired no jurisdiction of the original action nor of the defendant therein, the petitioner here. Statutes cited *supra* and *Hill* v. *Warren,* 54 Vermont, 73; *Folsom* v. *Conner,* 49 Vermont, 4; *Rollins* v. *Clement,* 49 Vermont, 98; *Clark & Freeman* v. *Patterson,* 58 Vermont, 676; *Amy* v. *Watertown,* 130 U. S. 301; *Harkness* v. *Hyde,* 98 U. S. 476; *Connecticut Mut. Life Ins. Co.* v. *Spratley,* 172 U. S. 602; *Alexandria* v. *Fairfax,* 95 U. S. 774; *Bors* v.

*Preston,* 111 U. S. 252; *Andrews* v. *Michigan Central R. R. Co.,* 99 Massachusetts, 534; *Desper et al.* v. *Continental Water Meter Co.,* 137 Massachusetts, 252; *Lewis* v. *Northern Railroad,* 139 Massachusetts, 294; *Mexican Cent. Ry. Co.* v. *Pinkney,* 149 U. S. 194.

The sufficiency of the service must be determined from the return of the marshal on the original writ, unaided by extraneous facts or presumptions. *Folsom* v. *Conner,* 49 Vermont, 4; *Hill* v. *Warren,* 54 Vermont, 73; *Clark & Freeman* v. *Patterson,* 58 Vermont, 676; *Alexandria* v. *Fairfax,* 95 U. S. 774; *Mexican Cent. Ry. Co.* v. *Pinkney,* 149 U. S. 194; *Bors* v. *Preston,* 111 U. S. 252; *Johnson* v. *Hunter,* 147 Fed. Rep. 133, 137; *Galpin* v. *Page,* 18 Wallace, 350, 366; *Settlemier* v. *Sullivan,* 97 U. S. 445, 448; *Cheeley* v. *Clayton,* 110 U. S. 701, 708.

The insufficiency of the original writ is apparent on the face of the record; consequently, the insufficiency of said writ was properly raised by the motion to dismiss. *Bent* v. *Bent,* 43 Vermont, 42; *Bennet* v. *Allen,* 30 Vermont, 684.

The insufficiency of the attachment and service was properly raised by the motion to dismiss; also by the plea in abatement. *Howard* v. *Walker,* 39 Vermont, 163; *Bliss* v. *Conn. & Pass. R. R. Co.,* 24 Vermont, 428; *Bennet* v. *Allen,* 30 Vermont, 684; *Bent* v. *Bent,* 43 Vermont, 42.

The plea in abatement was sufficient in form and substance. Vermont Stats., §§ 1109, 3948, 3949; *Pearson* v. *French,* 9 Vermont, 349; *Morse* v. *Nash,* 30 Vermont, 76; *Fogg* v. *Blair,* 139 U. S. 118, 127; *Kent* v. *Lake Superior Canal & Iron Co.,* 144 U. S. 75, 91; *Hill* v. *Warren,* 54 Vermont, 73; *Clark & Freeman* v. *Patterson,* 58 Vermont, 676; Gould's Pleadings, ch. 3, § 167; Stephen's Pleadings, p. 217; 1 Chitty's Pleadings, 13 Am. Ed. 611; *Carpenter et al.* v. *Briggs et al.,* 15 Vermont, 34, 41; *Murdock* v. *Hicks,* 50 Vermont, 683, 687; *Lyman* v. *Central Vt. Ry. Co.,* 59 Vermont, 167, 175; *Clement* v. *Graham,* 78 Vermont, 290, 308; *Toland* v. *Sprague,* 12 Peters, 309, 335; *Galpin* v. *Page,* 18 Wall. 350.

The replication to the plea in abatement was insufficient

and alleged not facts, but legal conclusions not sustained by. facts.

The insufficiency of the original writ and service was properly raised on the record before the Circuit Court of Appeals for the Second Circuit. .

The Circuit Court of Appeals had jurisdiction to determine and it was its duty to determine the sufficiency of the original writ and service, because upon that depended the jurisdiction of both the Circuit Court and the Circuit Court of Appeals. U. S. Statutes, ch. 517, March 3, 1891; Comp. Stats., 1901, p. 549; *Louisville Trust Co.* v. *Knott,* 191 U. S. 225; *Carter* v. *Roberts,* 177 U. S. 496; *American Sugar Rfg. Co.* v. *New Orleans,* 181 U. S. 277; *Grand Trunk Railway Co.* v. *Twitchell,* 59 Fed. Rep. 727; *King* v. *McLean Asylum,* 64 Fed. Rep. 325; *American Sugar Rfg. Co.* v. *Johnson,* 60 Fed. Rep. 503; *Texas & Pacific R. R. Co.* v. *Bloom,* 60 Fed. Rep. 979; *Sneed* v. *Sellers et al.,* 66 Fed. Rep. 371; *Coler* v. *Granger County et al.,* 74 Fed. Rep. 16; *Balt. & Ohio R. R. Co.* v. *Meyers,* 62 Fed. Rep. 367; *Rust* v. *United Water Works Co.,* 70 Fed. Rep. 129; *United States Freehold Co.* v. *Gallegos,* 89 Fed. Rep. 769; *McCord Lumber Co.* v. *Doyle,* 97 Fed. Rep. 22; *Kreider* v. *Cole,* 149 Fed. Rep. 647.

The Circuit Court of Appeals cannot properly affirm a judgment rendered by a Circuit Court when it appears on the record that the Circuit Court had no jurisdiction of the original action nor of the defendant therein.    *Kreider* v. *Cole,* 149 Fed. Rep. 647, 649; *Ryder* v. *Holt,* 128 U. S. 525.

*Mr. Herbert W. Hovey,* with whom *Mr. Edwin A. Cook* and *Mr. Harland B. Howe* were on the brief, for respondent:

The original writ in this case is in accordance with the requirements of §§ 914 and 918 of the Revised Statutes of the United States, is in accordance with Rules 7 and 8 of the United States Circuit Court for the District of Vermont adopted at the May term, 1885, and is in accordance with the statutes of the State of Vermont relating to form, time of service, and

return of writs, which were in force when said rules of court were adopted. If any attempt had been made to make the original writ comply with the later statutory requirements of the State of Vermont, the writ would then have been insufficient because it would have been in direct violation of Rule 8 of the United States Circuit Court for the District of Vermont.

That Rule 8 of the United States Circuit Court for the District of Vermont should prevail over later state legislation is clear. *Shepard* v. *Adams*, 168 U. S. 618.

The service of the original writ was sufficient to give the United States Circuit Court for the District of Vermont jurisdiction of said action and of the defendant therein.

The marshal, in the service of this writ, was not obliged to follow §§ 3948 and 3949 of the Vermont Statutes, as those particular sections prescribe only one of several methods by which service could have been made on the petitioner. Section 3949 says: "Service may be made by leaving a copy of the process with a station agent." This statute is not mandatory. It merely furnishes an additional mode of service, and it does not require that service be made in that way.

The officer's return shows that service by attachment was made in accordance with § 1109 of the Vermont Statutes. Folsom was a "known agent" about the property attached, although he may not have been a strictly appointed person for service of the process. An "accredited agent and division superintendent" is certainly "a known agent." Leaving a copy in his hands, he having the custody of the property attached, was leaving it at the place where such goods and chattels were attached, in accordance with the requirements of § 1109. *Hill* v. *Warren*, 54 Vermont, 73.

Mr. Justice Peckham, after making the foregoing statement, delivered the opinion of the court.

The defendant endeavored in the Circuit Court to raise the jurisdictional question arising from the alleged defective form

and also from the alleged defective manner of service of the writ. It moved to dismiss the writ on account of its form, and pleaded in abatement that the service of the writ was not sufficient, and that the court obtained no jurisdiction over the defendant by reason of such defective service. When the court denied its motion to dismiss and overruled its demurrer to the replication to its plea in abatement, defendant then filed its plea to the merits and went to trial, and when the trial ended in a judgment against it the defendant sought to obtain a review of that judgment by the Circuit Court of Appeals on writ of error, including the question of jurisdiction as well as the other questions existing in the case.

The Circuit Court did not certify the sole question of jurisdiction directly to this court under § 5 of the Court of Appeals Act of March 3, 1891, assuming that it might have done so (*Shepard* v. *Adams*, 168 U. S. 618; *Remington* v. *Central Pacific Railroad Company*, 198 U. S. 95, 97, 99; *Board of Trade &c.* v. *Hammond Elevator Co.*, 198 U. S. 424, 434), but the plaintiff in error brought up the whole case by writ of error before the Circuit Court of Appeals, and contended that it had the right to argue before that court, among the other questions, that of the jurisdiction of the Circuit Court, and that the Circuit Court of Appeals ought to decide the same.

In this we think the defendant was right. The original jurisdiction of the Circuit Court was invoked upon the sole ground of diversity of citizenship. The defendant assailed the jurisdiction of that court because of an alleged defective writ, and also because of the alleged defective service of that writ. Such a question of jurisdiction could be brought by writ of error to the Circuit Court of Appeals along with other questions arising upon the trial of the merits of the case. The defendant was not bound to waive the other questions in the case and come directly to this court from the Circuit Court upon the sole question of jurisdiction of the character herein presented, the jurisdiction not resting upon the ground that the suit arose under the Constitution, laws or treaties of the United States,

but it had the right to go to the Circuit Court of Appeals and there argue the jurisdictional question of the character above mentioned, among the others, and it was the duty of the Circuit Court of Appeals to decide the whole case, and its decision of all questions appearing in this record, would be final, on account of the jurisdiction of the Circuit Court resting on diversity of citizenship alone, unless this court should review it by a writ of certiorari. This principle was decided in *American Sugar Refining Co.* v. *New Orleans*, 181 U. S. 277, 282, and cases cited.

As a certiorari was issued in this case, it is now before us on the return to that writ, and we have power to render such judgment as the Circuit Court of Appeals should have rendered, or we might reverse the judgment of affirmance by that court, and send the case back to it to decide the question of jurisdiction, which it had refused to pass upon. We think it would be an unnecessary hardship to the plaintiff to do the latter, because of the further delay that would thereby be caused. The accident occurred in 1901 and the trial resulted in a very moderate verdict, considering the injury, and at this time, nearly seven years after the injury, the plaintiff has not yet been paid the amount of his judgment.

The objections to the jurisdiction of the Circuit Court, as has been stated, were twofold, one regarding the form of the writ and the other the sufficiency of its service.

First, as to the form. The writ was one of attachment and was dated twenty-two days before, and made returnable on the first day of the following term, and was served fifteen days before the term by attaching the property as above stated.

Section 914 of the Revised Statutes of the United States requires that the practice, pleadings and forms and modes of proceeding in civil causes, other than equity and admiralty causes, in the Circuit and District Courts, shall conform, as near as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in like causes in the courts of record of the State.

By § 918 of those statutes it is provided that the several Circuit and District Courts may, from time to time, make rules and orders directing the returning of writs and processes, "as may be necessary or convenient for the advancement of justice and the prevention of delay in proceedings."

At the May term of the Circuit Court of the United States for the District of Vermont, held in 1885, Rules 7 and 8 (in accordance with the state practice) were adopted, reading as follows:

"Rule 7. The form of process and declaration shall be the same as is or may be provided by the laws of this State, and in cases not expressly provided for by such laws, in the form used in the county and Supreme Courts of the State, so far as they may be applicable to Federal courts.

"Rule 8. All process shall be dated the day it issues, and all mesne process shall be returnable to the next regular term, if there shall be time for seasonable service thereof, according to the laws of this State, otherwise it shall be returnable to the next regular term thereafter; final process shall be returnable to the next regular term, or otherwise, if so specifically ordered by a judge."

Rule 13 provides that suits shall be docketed on the first day of the term to which they are returnable, and Rule 14 makes it necessary for defendant to enter his appearance on the first day of the term at which he is required to appear.

At the time of the adoption of these rules, and up to 1893, it was provided by § 868 of the Revised Statutes of Vermont that "every writ and process, returnable before the Supreme or county court, shall be served at least twelve days before the session of the court to which it is returnable, including the day of service, and excluding the return day. . . . A writ against a town, county, school district or other corporation shall be served at least thirty days before the session of the court to which it is made returnable. . . ."

This latter part of the section seems to have been construed as making provision for service upon corporations of a munici-

pal character and not private corporations, in regard to which
the practice was to serve the writs upon them precisely as
against individuals, that is to say, twelve days before the
session of the court to which the writs were made returnable.
This is said to have been the construction of the trial courts of
Vermont, but the Supreme Court of the State never had
occasion to pass upon the question. In 1893 the rule of the
state court was altered by statute, and since that time process
directed to an officer contains the direction "fail not but ser-
vice and return maké within twenty-one days from the date
hereof," and the writs are to be served within twenty-one days
from the date, and the defendant must enter an appearance
within forty-two days. The return of the writ to the court at
the first day of the ensuing term is no longer necessary.

Judge Wheeler, who had been for many years one of the
judges of the Supreme Court of Vermont, and from 1877 until
his death in 1906 a judge of the United States District Court
for the District of Vermont, in deciding the question of juris-
diction in this case and in speaking of the change of the state
law in regard to the time of service of the writ said: "In the
state courts there are but two terms in a year having juris-
diction of such cases; and it appears to have been thought best
to have writs returnable oftener; but this court has three regu-
lar terms in each year, and it has not been considered that to
have writs returnable oftener would be advantageous for the
advancement of justice or the prevention of delays. Therefore
the rule requiring such process to be returnable at the regular
terms has been retained without change. That this course is
proper seems to appear, not only from the words of the statutes,
but from *Shepard* v. *Adams*, 168 U. S. 618, where a summons
made returnable according to a rule of the Federal court, and
not in conformity with a changed state statute, was, after full
examination of the subject, upheld. Upon this view this writ
appears to be regular and good; and the defendant's motion
to dismiss must be overruled."

In accordance with the views expressed in the above ex-

tract from Judge Wheeler's opinion, he, as district judge, had not altered the rule which had been first adopted in 1885 in conformity with the practice of the state court, existing at the time of its adoption. *Shepard* v. *Adams, supra,* seems to be a sufficient authority for the refusal of the judge to alter the rule of the Circuit Court so as to be in conformity with the alteration made by the state statute in 1893.

The writ complied with the requirements of the rule of the Federal court and was served more than twelve days before the session of the court to which it was returnable, as provided in § 868 of the Revised Laws of Vermont of 1880, and it was served by attaching the property of the defendant. By virtue of the two sections above cited (914 and 918 of the Revised Statutes of the United States) and in accordance with the holding in *Shepard* v. *Adams, supra,* the rules of the Circuit Court were sufficient, and the form of the writ was proper.

It is also urged that while Rule 8 remains, which requires that all process shall be dated the day it issues, and all mesne process shall be returnable to the next regular term (which by Rule 13 is the first day of the term), if the process thus returnable must also contain the direction provided for in the statute since 1893, "fail not, but service and return make within twenty-one days from the date hereof," then there would be but a few days in the year in which a writ could be lawfully issued in the Circuit Court for the District of Vermont, viz., the days between the twenty-first and the twelfth days before each of the three terms of the Circuit Court.

Such an objection shows, at least, the difficulty attending the matter of service of process, on the theory contended for by plaintiff in error, unless the Circuit Court should abandon altogether the old rule making provision for returning process to any particular term of court, and make a new rule following the new method provided by the state statute. We think this unnecessary. The Federal judge was justified, by the statutes above quoted and by the decision of this court in *Shepard* v. *Adams, supra,* in refusing to alter the rules of the Circuit Court,

which, when made, were in conformity to the state court practice, and the objection to the form of the writ is therefore without merit.

Second, in regard to the service. Section 1109 of the statutes of Vermont, in providing for the service of an attachment, says that a copy of the attachment and list of the articles attached, attested by the officer serving the same, shall be delivered to the party whose goods or chattels are so attached, or left at the house of his then usual abode, and if such person is not an inhabitant of the State, such copy shall be left with his known agent or attorney, and for want thereof, at the place where such goods or chattels were attached. This extends and applies to bodies corporate and public. The service in this case was made by attaching the locomotives, as already stated, and by leaving a true and attested copy of the writ in the hands of H. E. Folsom, agent and division superintendent of the railroad, at his office in Lyndonville, in the district.

It is objected by the defendant that Folsom was not a proper party on whom to serve the writ. Sections 3948 and 3949 of the Vermont statutes are cited to that effect. It is provided by § 3948 that the lessee of a railroad, not resident in that State shall appoint a person resident in the State upon whom service of process may be made, and by § 3849 if the lessee do not appoint such agent then the service may be made by leaving a copy of the process with a station agent or depot master, in the employment of such trustee or lessee. It is therefore contended that if the lessee had failed to appoint, then the service of process could not be made upon any agent other than a station agent or depot master, in the employment of the lessee; and there was no pretense that Folsom, the division superintendent, had been appointed by the railroad as the person upon whom service of process might be made, and there was no averment or proof that he was a station agent or depot master.

Those sections evidently refer to the ordinary cases of service of process without an attachment, and do not refer to the

manner of serving an attachment and the process connected therewith. That is provided for by § 1109, *supra.* Folsom, the division superintendent, was certainly a known agent of the defendant.

Upon this question Judge Wheeler well said:

"The known agent of a non-inhabitant with whom the copy of an attachment and a list of the articles attached may be left, may not be a person upon whom, by appointment, service of process generally may be made. Folsom may have been such an agent about this property attached, and not such an appointed person for service of process upon. And leaving a copy in the same custody as that of the goods or chattels attached would be leaving it at the place where they were attached, although the custodian may have no other agency. *Hill* v. *Warren*, 54 Vermont, 78.

"The division superintendent of the railroad of the defendant designating the locomotives attached as its property might well be taken to be the known agent, or the accredited agent as styled by the marshal, of the defendant about the custody of those articles, and leaving a copy of the attachment and a list of them with him would be a leaving with a known agent of the defendant within the meaning of the statute, or at the place where they were attached within the same meaning.

"The statute provides, Vermont Stat. § 3949, that on failure to appoint such a person for receiving service of process it 'May be made by leaving a copy of the process with a station agent or depot master in the employment of,' the lessee. The plea alleges that the defendant had at the time of the service many station agents and depot masters in its employment in this State, to wit, twenty-five, with whom a copy may have been left, and that Folsom was not one of them. But this statute only furnishes an additional mode of service, generally, and does not require service of an attachment to be made upon station agents or depot masters, nor supersede service of such process in the mode otherwise provided."

The plaintiff, in his replication to the plea in abatement,

averred that the said Folsom, upon whom the process was served, was on the day of the service of the original writ in this cause, to wit, on the second day of May, A. D. 1904, a person residing within the State of Vermont, upon whom service of process issued against the defendant might be legally made, to wit, an agent of this defendant. To this replication the defendant demurred. The demurrer was overruled. Without going into the question whether the motion to dismiss, and also the demurrer, were not waived by pleading to the merits after the motion had been denied and the demurrer overruled, we think the facts sufficiently appear that Folsom, the division superintendent, was an agent within the Vermont statute upon whom attachment process, such as was issued in this case, might be regularly served. Accordingly, a valid service upon the principal, within the law of Vermont, was duly made, and jurisdiction was acquired by that service.

The judgment of the Circuit Court of Appeals is

*Affirmed.*