UNITED STATES, to Use of KINNEY, v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court of Appeals, Third Circuit.     April 12, 1911.)

No. 27.

1. CLERKS OF COURTS (§ 74*)—ACTION ON BOND—CAUSE OF ACTION—DAMAGES.

In an action on the bond of a Circuit Court clerk for refusing to enter a default judgment in favor of the use plaintiff in a garnishment proceeding, he was not entitled to recover, in the absence of proof that there were funds of the defendant in the hands of the garnishee subject to garnishment.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 127; Dec. Dig. § 74.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. COURTS (§ 344*)—STATE PRACTICE—RETURN DAY—FEDERAL COURTS.

Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), requiring Circuit Courts to conform to the state practice as near as may be, etc., does not require conformity with reference to return days for summons; such courts, as to that, being governed by their own rules.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Action by the United States, for the use of Robert D. Kinney, against the United States Fidelity & Guaranty Company. Judgment (182 Fed. 1005) for defendant, and the use plaintiff brings error. Affirmed.

Robert D. Kinney, for plaintiff in error.

Thomas S. Stokes and Bayard Henry, for defendant in error.

Before BUFFINGTON and LANNING, Circuit Judges, and YOUNG, District Judge.

BUFFINGTON, Circuit Judge. In the court below Robert D. Kinney, a citizen of Pennsylvania, brought suit against the United States Fidelity & Guaranty Company, a citizen of Maryland, surety upon a bond given to the United States by Charles K. Darling, clerk of the United States Circuit Court for the District of Massachusetts. After the proofs by both parties were submitted on the trial of the cause, the court below instructed the jury to find for the defendant. From such proofs it appears that Mr. Kinney, acting as his own counsel, brought suit in the Circuit Court for the District of Massachusetts against the Plymouth Rock Squab Company, as defendant, and the International Trust Company, as trustee or garnishee. After service of process Mr. Kinney sought to have a default judgment entered in accordance with the return days fixed by the Massachusetts state statutes for the courts of that state, while Mr. Darling, the clerk, contended the return days fixed by the rules of the Circuit Court governed, and refused to enter judgment as directed by Mr. Kinney. In an opinion refusing a new trial, reported at 182 Fed. 1005, the court below justified its action in directing a verdict for the defendant on two grounds: First, because there was no proof Mr. Kinney was damaged; and, secondly, that Mr. Darling was justified in following the rules of the Circuit Court as to return days.

[1] We have, as we have said, carefully examined the testimony, and are of opinion the court rightly held that Mr. Kinney's proofs did not show he had suffered damage by the clerk's action. There was no proof that there were any funds of the Plymouth Rock Squab Company in the possession of the International Trust Company, the garnishee, and unless such was the case the act of the clerk did the plaintiff no damage. On this ground alone the court below was clearly justified in its action.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

[2] And the same may be said in reference to the return days. In that respect the court below well summed up the situation and authorities in these words:

"The plaintiff's principal contention is that section 914 of the Revised Statutes (U. S. Comp. St. 1901, p. 684) compelled the Circuit Court to follow closely the state practice in the matter of return days for the writ of summons. The federal practice differed, and it is clear that the clerk was obeying the rules of the Circuit Court upon this subject. If, therefore, these rules were valid, he was justified in refusing to enter judgment and to issue execution. Many statutes of Massachusetts were offered in evidence at the trial, and the defendant's counsel contended then, and contends now, that the state practice concerning return days for the writ of summons substantially coincided with the federal practice about 30 years ago, that such conformity fully satisfied section 914, and that, although the state practice may have since been changed, the federal court was not obliged to follow, citing in support of this position Shepard v. Adams, 168 U. S. 618 [18 Sup. Ct. 214, 42 L. Ed. 602], and Railroad Co. v. Gokey, 210 U. S. 155 [28 Sup. Ct. 657, 52 L. Ed. 1002]. In my opinion these decisions sustain the defendant's contention, and require me to hold that the plaintiff's suit in the Circuit Court for the District of Massachusetts was properly subject to the rules of that court, and that the clerk was right in refusing to comply with the several motions referred to in the statement of claim."

We may add that in Railroad Co. v. Gokey, supra, it appears that in the state courts of Vermont there were but two terms in the year affecting such actions as were involved in that case, and it was thought best to have more frequent return days. They were provided for by state legislation: but, as stated by Judge Wheeler, the federal "court has three regular terms in each year and it has not been considered that to have writs returnable oftener would be advantageous for the advancement of justice or the prevention of delays." Of this action the Supreme Court say:

"In accordance with the views expressed in the above extract from Judge Wheeler's opinion, he, as District Judge, had not altered the rule which had been first adopted in 1885 in conformity with the practice of the state court, existing at the time of its adoption. Shepard v. Adams, supra, seems to be a sufficient authority for the refusal of the judge to alter the rule of the Circuit Court, so as to be in conformity with the alteration made by the state statute in 1893."

It will thus be seen that the Supreme Court of the United States has laid down the law applicable to the present case; for the general situation as to variance between the state and federal courts in rules, procedure, and return days is substantially the same in Massachusetts and Vermont.

The judgment of the court below is therefore affirmed.