## NECESSARY ALLEGATIONS IN AN ACTION AGAINST A CLERK FOR FAILURE TO ISSUE SUMMONS.

Common Pleas Court of Franklin County.

STARK ELECTRIC RAILROAD COMPANY v. FRANK E. McKEAN, CLERK, AND MARYLAND CASUALTY CO.*

Decided, June, 1915.

*Damage Distinguished from Injury—Procedure for Determining the Damage Resulting from a Default which Halted a Proceeding in Error.*

In an action against the clerk of a reviewing court for failure to issue a summons in error, by reason whereof the plaintiff was deprived of his right to prosecute error, it is essential that facts be averred which will constitute a basis for damages by disclosing material or prejudicial error which would have entitled the plaintiff to a reversal of the judgment which he has been compelled to satisfy by reason of the negligence of the said clerk.

KINKEAD, J.

This action is again submitted on demurrer, this time to the amended petition. Plaintiff seeks to recover damages in the sum of $11,372.52 for alleged negligence of McKean in failing to issue summons in error in an action prosecuted by it in the Supreme Court to secure a reversal of a judgment obtained by Laura J. Dinger by the action of the two lower courts, by reason whereof the same was dismissed. Plaintiff thereupon was compelled to pay the judgment, and now seeks recoupment against defendants.

The gist of the cause disclosed by the averments is that by reason of the default and neglect of McKean in failing and neglecting to issue summons, plaintiff was compelled and did pay to Laura J. Dinger the sum of $10,915 and costs amounting to $457.52. Therefore it is claimed that plaintiff is damaged in that sum.

It is contended on behalf of the demurrant that the petition is insufficient for the obvious reason that the plaintiff does not show that it has been damaged by the negligent act of the de-

*For first opinion on demurrer, see page 593.

fendant clerk of the Supreme Court. It is argued that the petition must contain an averment that there was error in the proceedings of the court of common pleas, and of the court of appeals in the rendition of the judgment against it. It is said that there is a presumption of law that the decisions of these courts are correct.

On the contrary, and in behalf of the plaintiff, the attitude seems to be that the essential allegations merely are the course of the proceedings, the neglect of the clerk, and the final payment of the judgment.

The question is novel and important, though not difficult, if the reasoning faculties are directed towards the familiar lines of the proceedings. of an action from its commencement to its termination in the court of last resort. The mental attitude of judicial arbitrament toward the question presented here, must be the same as that in awarding the judgment against plaintiff, in the other action. It may not reasonably be contended that the clerk is liable to pay plaintiff the sum of $11,372.52, the amount of the judgment, merely because he neglected to issue summons in the proceeding in error. The argument presented fails to distinguish between *damage* and *injury*.

In determining rights and causes, the *primary right,* the corresponding *duty,* and *injury* are the sole factors to be considered. *Damage* follows *injury* in natural sequence, not being of primary essence of the right and injury, but rather follows as an incidental result.

When a primary right is violated, the law at once recognizes that an injury is done, the scope and extent thereof measured in dollars by way of damages being an incident and not an essential of the cause of action.

From the adjective viewpoint, a cause of action consists of the bare statement of the ultimate facts disclosing a breach of duty by the defendant. Duty and right, however, are found in substantive law, and are not stated in the pleading. The facts alleged in the petition under consideration, discloses the breach of duty by the defendant in failing to issue summons in error. This negligence of the defendant deprived plaintiff of a right.

What is the scope and extent of the right? It is to have its

case reviewed on error by the Supreme Court to the end that it may have it determined whether errors of law intervened in the action of the courts below to the material prejudice of the plaintiff.

If no errors were committed by the lower courts which were prejudicial to the rights of the plaintiff in that proceeding, the violation of a duty by defendant concerning the issuance of summons has not infringed a substantial procedural right resulting in injury.

It may be reasoned that the full scope and extent of the primary right of plaintiff to have its cause reviewed on error in the Supreme Court, comprehends the right to have corrected only prejudicial errors committed by the courts below, those material to its rights. That constituted plaintiff's right under the law, no more, no less. So does it not seem logical therefore to assume, that in the statement of the ultimate facts showing the neglect of defendant, facts should appear, disclosing prejudicial errors committed by the courts below, in the case in which judgment was rendered against plaintiff here?

It is apparent that these thoughts were present in the mind of Judge Taft in his opinion in *B. & O. R. R. Co.* v. *Weedon*, 78 Fed., 584, when he states:

"The defendant may be obliged to submit to the court, the record in the first case, to decide whether there was reversible error."

Stored away among the books and decisions there is a rule that it is actionable to deprive a man of a right given him by law, although no damage, loss or injury has been thereby occasioned (*Ashby* v. *White*, 1 Smith's L. C., 356; 1 Eng. Rul. Cas., 521). On the other hand there are instances where the question whether *a right has been* infringed, or not, is made to depend upon actual damage being done, as in libel or slander, and in some cases of fraud. But the rule of precedent since probably 1826, in England and in this country, has been that in an action for negligence, the cause of action is the breach of legal duty alleged (*Howell* v. *Young*, 5 B. & C., 258; *Kerns* v. *Schoonmaker*, 4 Ohio, 331). Duty and right are correlative and be-

long to substantive law, while the formal statement of the ultimate fact lies within the field of adjective law.

Applying the principles thought to be controlling in *Bilikin v. Columbus Railway & Light Co.*, 10 N.P.(N.S.), 561, as determining factors of the essence of a cause of action, its dual aspect in substantive and adjective law is to be considered.

The right of plaintiff to complain in his case is to be measured by fact and law, whether it had the right by its proceeding in error in the Supreme Court to have the judgments of the lower courts reversed. That is its substantive right in law. To disclose a violation of such right, it will not be sufficient simply to allege that one Laura J. Dinger recovered a judgment for $10,000 against plaintiff, in the common pleas court, that the same was affirmed by the court of appeals, and that its proceeding in error was dismissed in the Supreme Court by the neglect of defendant to issue summons.

In addition to this it must be shown that both a substantial procedural and substantive right was injured by the violation of duty by defendant. Looking to the law of the state as found in statute and decision, it is known that the burden is on a plaintiff in error to show prejudicial error before there can be a reversal. Errors and defects which do not affect substantial rights are disregarded. If the court is of the opinion that substantial justice has been done to the plaintiff in error, all alleged errors occurring at the trial must be disregarded, and the judgment affirmed. Section 11354, General Code.

This becomes a part of the *right* of one who prosecutes error. It is clear, therefore, that the presumption is that the judgments of the lower courts were not prejudicial. So that presumption must prevail in this action.

The conclusion must be that to warrant recovery in a cause of action for neglect of a clerk of a reviewing court to issue summons in error, by reason whereof the plaintiff in error was deprived of his right to prosecute error, it is essential that he aver such facts pertaining to his right as will disclose material or prejudicial error by the courts below, entitling him to a reversal. That would present the anolamous situation wherein the trial court must determine whether another trial court and an

appellate court has committed error. But such is the necessity. There may in such case be a review of the whole matter.

Sufficient facts should therefore be alleged as will enable a trial court to determine whether there was prejudicial error. This is a judicial question, and is to be determined in the first instance by the petition.

The following decisions bearing on the question are cited in support of the demurrer: *Huston* v. *Wandelohr,* 14 S. W., 346; *State, ex rel,* v. *Fleming,* 24 N. E., 664; *Symms* v. *Cutter,* 59 Pac., 671; *Engine Pump Co.* v. *Lindville,* 23 Pac., 597; *U. S. Fidelity, etc., Co.,* 186 Fed., 477; *U. S.* v. *Bell,* 127 Fed., 1002.

Those cited by plaintiff: *B. & O. R. R. Co.* v. *Weedon,* 78 Fed., 584; *Farmers & M. Bank* v. *Mains,* 183 Fed., 37; *Carpenter* v. *Warner,* 38 O. S., 416; *Heatman* v. *Shriner,* 15 O. S., 43.

There is little reason or logic in the view that facts showing mere violation of official duty, that do not *prima facie* disclose injury to plaintiff's whole right in a proceeding in error, will throw the *onus* on the officer to show want of infringement of substantial right as well as injury.

The learned judge in *B. & O. R. R. Co.* v. *Weedon,* 78 Fed., 584, recognized the fact that the value of the plaintiff's right depends upon the probability of a reversal, and the successful event of a new trial.

Not only is it essential that prejudicial error sufficient to warrant reversal be made to appear, but it will be necessary to adduce evidence to show that on a second or retrial a verdict would probably not be rendered against plaintiff.

The court in the case last cited was of opinion that "the amount of injury is *prima facie* measured by the face of the judgment" and that the burden is on the clerk to show that the complainant would have had ultimately to pay the same amount without regard to his negligence. Furthermore if the facts are controverted. and the law applicable thereto dependent upon the ultimate finding by the triers thereof, it is difficult to perceive any warrant in speculation concerning them.

This court can not accede to such a view, because it confuses *damage* with *injury.*

As a matter of law the plaintiff can not have his case submitted to the jury until it shall have satisfied the court that there was prejudicial error. This must appear first in the petition, then upon evidence, at which time the court may or may not submit the case to the jury. If at trial the court is satisfied that there was prejudicial error, the cause will then be submitted to the jury for it to determine the amount of damage plaintiff probably suffered. This will depend upon the further fact whether the jury is of the opinion that a verdict should not have been rendered against the plaintiff in the other case. If it should be of the opinion that a verdict for either the amount before rendered against it, or for some other amount, then plaintiff has not suffered any injury, and is therefore not entitled to recovery of damages. It is questionable whether a jury to which this case might be submitted, may decide the facts in the other case. This is the only way in which a conclusion may be reached in this case.

The statement of the amount claimed as damages is therefore, as it is in most cases, of little consequence. It certainly is not of the essence of the cause of action.

Some difficulty may be encountered in complying with this rule in the statement of prejudicial errors. It should not be done as in B. & O. R. R. Co. v. Weedon, supra, as they were there set forth in the form of legal conclusion.

The demurrer will be sustained. The court will entertain a motion for leave to file a second amended petition in compliance with the views herein expressed, in presentation of such amended petition.