**MANNION v. UNITED STATES SHIPPING BOARD EMERGENCY FLEET CORPORATION et al.**

(Circuit Court of Appeals, Second Circuit. November 9, 1925.)

No. 74.

1. **Courts** ⬤═325—Objection to jurisdiction on ground that action was not brought in proper district may be waived.

Provision of Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), that jurisdiction in seaman's action for injuries shall be in court of district in which employer resides or has his principal office, goes to venue only, and objection to jurisdiction on such ground may be waived.

2. **Courts** ⬤═325—Defect in personal jurisdiction in suing in wrong district, not taken by motion in state court within 20 days, held waived.

Under Civil Practice Act N. Y. § 278, providing that complaint showing defect in jurisdiction, curable by defendant's consent, will be waived, unless taken by motion, *held* that, before removal to federal court, defect in suing in court of wrong district for injuries to seaman, under Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a), not taken by motion within 20 days, as required by Supreme Court Rules N. Y. rule 106, was waived.

3. **Removal of causes** ⬤═86(7)—Allegation held equivalent to alleging that time had not expired for defendants to move for dismissal on face of complaint.

Allegation of petition for removal that defendants' time to "answer or otherwise plead" had not expired, under Judicial Code, § 29 (Comp. St. § 1011), *held* equivalent to saying that time had not expired to move for dismissal on face of complaint, under Supreme Court Rules N. Y. rule 106, allowing 20 days for such motion, in view of Civil Practice Act N. Y. § 277, abolishing demurrers.

4. **Courts** ⬤═334—Federal court not bound to follow state practice, but in action at law such practice prima facie obtains.

Though, under Rev. St. § 914 (Comp. St. § 1537), federal court is not bound to follow state practice, but follows it only as it promotes expedition and justice, such practice prima facie prevails in actions at law in federal courts.

5. **Courts** ⬤═351½—Rule of state court, requiring motion to dismiss complaint as defective to be made within 20 days, will be adopted by federal court.

Requirement of Supreme Court Rules N. Y. rule 106, that motions to dismiss complaints for defects on face thereof to be made within 20 days, will be adopted by federal courts, under Rev. St. § 914 (Comp. St. § 1537), in disposing of motion to dismiss in action for seaman's death, as not being brought in proper district, under Act June 5, 1920, § 33 (Comp. St. Ann. Supp. 1923, § 8337a).

In Error to the District Court of the United States for the Eastern District of New York.

Action by John J. Mannion, as administrator of the goods, chattels, and credits of Gerald Mannion, deceased, against the United States Shipping Board Emergency Fleet Corporation and others. Judgment for defendants, and plaintiff brings error. Reversed and remanded.

The action was brought under the Seamen's Act of June 5, 1920, by a father to recover for the death of his son while a seaman on board the steamer West Modus, caused by various defects of machinery and appliances, and by negligences, not relevant to this writ. The defendants were corporations, organized under the laws of the United States, of Texas, or of Florida, and had their principal offices outside the state of New York. Action was originally commenced in the Supreme Court of New York by the service of summonses on all the defendants on July 16, 1923. On July 20, 1923, they entered general appearances, but the complaint was not served until September 6, 1923, from which the character of the action first appeared.

On November 17, 1923, the cause was removed into the District Court for the Eastern District of New York, upon the defendants' petition, verified October 25, 1923, alleging that on that day the time of the defendants within which to "answer or otherwise plead" had not expired. Nothing further was done until April 30, 1924, when the defendants, appearing specially, moved to dismiss the complaint, because action had been brought in a district other than that in which all the defendants resided, or had their principal offices, contrary to section 33 of the Act of June 5, 1920 (Comp. St. Ann. Supp. 1923, § 8337a). In the affidavit supporting this motion the defendants alleged that their time "to appear and answer the complaint had not yet expired." The District Court granted the motion, and to the judgment thereon the plaintiff sued out this writ.

Admitting that the action was brought in the wrong district, the plaintiff relies upon rule 106 of the Rules of the Supreme Court of New York, which provides that, when it appears on the face of a complaint that the court has no jurisdiction over his person, a defendant may serve notice of motion to dismiss within 20 days, and upon section 278 of the Civil Practice Act of New York, that if not so taken the defect is waived. His argument is that, since the complaint had been

served on September 6, 1923, the defect of personal jurisdiction had been waived upon September 26, 1923, before the cause was removed.

Edward A. Vosseler, of New York City, for plaintiff in error.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y. (Irving L. Evans, of New York City, of counsel), for United States Shipping Board Emergency Fleet Corporation.

Irving L. Evans, of New York City (Frederick H. Cunningham, of New York City, of counsel), for Daniel Ripley Co. and another.

Before HOUGH, MANTON, and HAND, Circuit Judges.

HAND, Circuit Judge (after stating the facts as above). [1, 2] The defect on which the defendants rely was only one of venue, and as such might be waived. Panama R. R. v. Johnson, 264 U. S. 375, 44 S. Ct. 391, 68 L. Ed. 748. Hence, if the defendants, actually served, waived the defect by consent, or in any other way, the court, having substantive jurisdiction over the cause, might proceed. Section 278 of the Civil Practice Act of New York provides that, when the complaint shows a defect of jurisdiction curable by the defendant's consent, it will be waived unless taken by motion, and rule 106 of the Supreme Court of that state provides that it must be taken by motion within 20 days. The plaintiff is right, therefore, in saying that on September 26, 1923, the cause being still in the state court, the defect was waived, unless the defendants' time had been extended to notice the defect. The procedure of the state court governed while the cause was in that court. [3] However, the petition for removal alleged, as it must, that the time of the defendants to "answer or otherwise plead" had not expired. This language, taken from the Removal Act (section 29 of the Judicial Code [Comp. St. § 1011]), includes, we think, a motion made under rule 106 of the Supreme Court. Under section 277 of the Civil Practice Act, demurrers are abolished, and motions such as this are substituted in their place. Hence we regard the allegation of the petition for removal as equivalent to saying that the time had not expired within which the defendants might answer or move

on the face of the complaint. This we conceive to be an answer to the plaintiff's position.

[4, 5] Besides the same result follows, because of the defendants' delay after the cause came into the District Court for the Eastern District of New York. The only evidence we have in the record is that on October 25, 1923, the defendants' time to make the motion to dismiss had not expired, and the motion was not in fact made till April 30, 1924, more than six months later. The affidavit accompanying this motion alleged only that the time to "appear and answer" had not yet expired. Appearance was unnecessary, as the defendants had already appeared generally. The most they could claim was that they might rid themselves of this appearance, because it was entered without knowledge of the character of the action. The affidavit, unlike the petition for removal, did not allege that their time otherwise to plead had been extended. Perhaps that was the case in fact, but we have only the record on which to go.

Therefore, as the case stands, it was too late on April 30, 1924, to move under rule 106, and under section 278 of the Civil Practice Act the defect had been waived. It is quite true that during this period the cause was in the federal, not the state, court. However, it was an action at law, and prima facie the state practice obtained. R. S. § 914 (Comp. St. § 1537). Under that section a federal court is, of course, never bound rigidly to conform to the state practice. On the contrary, we follow it only so far as in our judgment it promotes the expedition of causes and the interests of justice, as we view them. Shepard v. Adams, 168 U. S. 618, 18 S. Ct. 214, 42 L. Ed. 402; Boston & Me. R. v. Gokey, 210 U. S. 155, 28 S. Ct. 657, 52 L. Ed. 1002. Nevertheless this is a case, we think, in which the state practice should control. There is no reason why a person actually served, and aware of a defect of venue, should be allowed more than 20 days within which to object. The point is one formerly taken by special demurrer, which was dilatory in character and for the convenience of the defendant. It was always susceptible of waiver through inaction. Hence we adopt the state practice and hold that the defect was waived.

Judgment reversed, and cause remanded.