KINNEY v. UNITED STATES FIDELITY & GUARANTY CO.

(Circuit Court, E. D. Pennsylvania. December 1, 1910.)

No. 892.

1. COURTS (§ 344*)—PRACTICE IN FEDERAL COURTS—CONFORMITY STATUTE.

The conformity requirement of Rev. St. § 914 (U. S. Comp. St. 1901, p. 684), does not necessitate altering a rule of a federal Circuit Court as to the return day for process, which when adopted was in substantial conformity with the state practice so as to conform to a change in such practice made by subsequent legislation, and, where such difference exists, the clerk of the Circuit Court is justified in following its own rules.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 917; Dec. Dig. § 344.*

Conformity of practice in common-law actions to that of state court, see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

2. CLERKS OF COURTS (§ 75*)—ACTION ON BOND—SUFFICIENCY OF EVIDENCE.

In an action on the bond of a clerk of a court to recover damages because of his refusal to enter a judgment and issue execution thereon, the burden rests on plaintiff to prove damage by showing that he could have collected on such execution if issued.

[Ed. Note.—For other cases, see Clerks of Courts, Cent. Dig. § 139; Dec. Dig. § 75.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

At Law. Action by Robert D. Kinney, use plaintiff, against the United States Fidelity & Guaranty Company, surety. On motion by plaintiff for new trial. Môtion denied.

Robert D. Kinney, pro se.
Thomas Stokes and Bayard Henry, for defendant.

J. B. McPHERSON, District Judge. This suit is upon the official bond of Charles K. Darling, clerk of the United States Circuit Court for the District of Massachusetts. The plaintiff, puts his case upon what he avers to be the clerk's official misconduct in the following particulars:

"(a) By the failure and refusal of said Charles K. Darling, clerk aforesaid, as shown in paragraph 10 herein, to make out and issue the process of execution, as also shown by paragraph 10 and clauses (k), (l), and (u) of paragraph 13 he was authorized and in duty bound required to do.

"(b) By the failure and refusal of said Charles K. Darling, clerk aforesaid, as shown in paragraph 11 herein, to enter on the record of said Circuit Court the entry of said action as a cause in said court depending, as also shown by paragraph 6 and clause (d) of paragraph 13 he was authorized and in duty bound required to do.

"(c) By the failure and refusal of said Charles K. Darling, clerk aforesaid, as shown in paragraph 11 herein, to enter on the record of said court judgment in said action charging the International Trust Company the trustee of the defendant, as also shown by paragraph 7 and clauses (f) and (g) of paragraph 13 he was authorized and in duty bound required to do.

"(d) By the failure and refusal of said Charles K. Darling, clerk aforesaid, as shown in paragraph 11 herein, to enter on the record of said court the default of the defendant in not entering its appearance in said action, as also shown by paragraph 8 and clause (r) of paragraph 13 he was authorized and in duty bound required to do.

"(e) By the failure and refusal of said Charles K. Darling, clerk aforesaid, as shown in paragraph 11 herein, to enter on the record of said court the judgment awarded for the relator as the plaintiff in said action against the defendant, as also shown by paragraph 9 and clause (r) of paragraph 13 he was authorized and in duty bound required to do.

"(f) By the failure and refusal of said Charles K. Darling, clerk aforesaid, as shown in paragraph 11 herein, to assess the relator's damages in said action, as also shown by paragraph 9 and clause (r) of paragraph 13 he was authorized and in duty bound required to do.

"(g) By the failure and refusal of said Charles K. Darling, clerk aforesaid, as shown in paragraph 11 herein, to furnish the relator with the certified transcript of the docket entries requested of him, as in said paragraph 11 mentioned and set forth.

"(h) By the wrongful conduct of said Charles K. Darling, clerk aforesaid, as shown in paragraph 11 herein, in his alleging and pretending that there is no such cause or action on the dockets of said Circuit Court as that in said paragraph mentioned and referred to.

"(i) By the wrongful conduct of said Charles K. Darling, clerk aforesaid, as shown in paragraph 11 herein, in his alleging and pretending that no action has ever been entered by the relator in said clerk's office, such as that in said paragraph 11 mentioned and referred to."

This quotation from the amended statement of claim sufficiently indicates the nature of the complaint. In a word, the situation is this: In the conduct of a civil suit before the Circuit Court in Massachusetts, brought against the Plymouth Rock Squab Company, as defendant, and the International Trust Company, as trustee (equivalent to garnishee in Pennsylvania practice), the plaintiff undertook

to govern himself by what he believed to be the practice established by the laws of the state; while the clerk insisted that the suit must be governed by the rules of the Circuit Court, so far as these rules differed from the state practice. As a result of this conflict, the plaintiff avers that he was injured, because the clerk refused to enter judgment against the squab company, and against the trust company; and refused also to issue execution, whereby the plaintiff was prevented from obtaining satisfaction of his demand. There was no disputed fact at the trial before this court, and the jury was directed to find for the defendant. The correctness of this instruction is now to be considered.

The plaintiff's principal contention is that section 914 of the Revised Statutes (U. S. Comp. St. 1901, p. 684) compelled the Circuit Court to follow closely the state practice in the matter of return days for the writ of summons. The federal practice differed, and it is clear that the clerk was obeying the rules of the Circuit Court upon this subject. If therefore these rules were valid, he was justified in refusing to enter judgment and to issue execution. Many statutes of Massachusetts were offered in evidence at the trial, and the defendant's counsel contended then, and contends now, that the state practice concerning return days for the writ of summons substantially coincided with the federal practice about 30 years ago; that such conformity fully satisfied section 914; and that, although the state practice may have since been changed, the federal court was not obliged to follow—citing in support of this position Shepard v. Adams, 168 U. S. 618, 18 Sup. Ct. 214, 42 L. Ed. 602, and Railroad Co. v. Gokey, 210 U. S. 155, 28 Sup. Ct. 657, 52 L. Ed. 1002. In my opinion these decisions sustain the defendant's contention, and require me to hold that the plaintiff's suit in the Circuit Court for the District of Massachusetts was properly subject to the rules of that court, and that the clerk was right in refusing to comply with the several motions referred to in the statement of claim.

But there is another ground for upholding the direction to the jury. The plaintiff failed to prove that he had suffered any damage by reason of the clerk's refusal to enter judgment and issue execution. He offered no evidence that, if he had obtained the desired judgment, any money could have been collected by an execution; and especially—for this is the ground upon which the plaintiff chiefly alleges that he has been injured—there was no evidence that the trust company held any money belonging to the squab company, or was in any manner or degree indebted to the squab company so that the trustee process could have been made effective.

For either of these reasons, it seems to me clear that the plaintiff was not entitled to recover.

A new trial is refused.