## LAWRENCE HARBOR COLONY v. AMERICAN SURETY COMPANY OF NEW JERSEY AND CENTRAL JERSEY TRACTION COMPANY.

Submitted December 8, 1903—Decided February 23, 1904.

A summons inadvertently made returnable on Sunday may be amended so as to make it returnable on the Monday following.

---

On rule to show cause why a summons should not be set aside.

Before Justices GARRISON and GARRETSON.

For the plaintiff, *Robert M. Boyd, Jr.*

For the defendants, *Thomas B. Hall* and *Dean S. Renwick.*

The opinion of the court was delivered by

GARRISON, J. This is a rule to show cause why a summons should not be set aside upon the ground that it was not endorsed in conformity with section 47 of the Practice act (Revision of 1903), and with rule 14 of this court, and upon the further ground that the return day falls upon Sunday. The parties have also argued, apparently by consent, a counter-motion made by the plaintiff for leave to amend his process in the above particulars.

It is clear that amendment, with respect to the endorsements, comes within the adjudicated cases in this court. *Kryn* v. *Kahn,* 54 *Atl. Rep.* 870, and cases there cited.

With respect to the return day, the sensible rule, and the reasoning upon which it stands, are stated by Chancellor Runyon, in *MacEvoy* v. *Trustees,* 11 *Stew. Eq.* 420, where a subpœna, returnable upon Sunday, was amended by changing the return day to the Monday following. The case of

*Glenn* v. *Eddy, 22 Vroom* 255, decided in this court, is not in conflict with these views.

The rule in the present case will be that upon the payment by the plaintiff of the costs of this application he may amend his writ in the particulars mentioned.