BARKER COMPANY ET AL. V. CENTRAL WEST INVESTMENT COMPANY.

FILED NOVEMBER 22, 1905.   No. 13,878.

1. Review: RECORD. Where a party relies upon an order of the district court, which he alleges was made, but which the record of that court does not disclose, he must apply to that court for a correction of the record. This court can only consider the record of the proceedings of the district court as it appears in the transcript.

2. Process: AMENDMENT. Where a mistake is made in the date of the return and answer days of a summons, the same may be amended by the district court, even after objections to the jurisdiction of the court are pending based upon that particular defect.

ERROR to the district court for Douglas county: IRVING F. BAXTER, JUDGE. Affirmed.

B. N. Robertson, for plaintiffs in error.

H. P. Leavitt, contra.

LETTON, C.

This is a proceeding in error to reverse a judgment of the district court for Douglas county for lack of jurisdiction. A summons was issued and served upon the defendants upon October 24, 1900, two days after its issuance. This summons was defective in form as to the date of return day and answer day, making each of these dates one week earlier than the proper time. A special appearance was made by the defendants, objecting to the jurisdiction of the court for these reasons, which was sustained. A rehearing was granted, and the objections to jurisdiction again sustained on January 19, 1901, but afterwards, on the same day, the presiding judge obliterated the entry upon his trial docket by drawing lines with his pen through the same. On the same day the plaintiff asked leave to amend the summons by inserting the proper dates. This motion was not acted upon until December 19, 1903, when objections to jurisdiction were filed by the defendants, reciting the former orders sustaining the objections previously filed. On January 2, 1904, the motion to amend the summons was sustained, and the special appearance and objection to jurisdiction was overruled. The defendants appeared no further, but announced they would stand upon their plea to the jurisdiction. Their default was then taken and judgment rendered against them.

The defendants complain that the judgment was rendered without jurisdiction, and that the court erred in overruling the objections to jurisdiction filed December 19, 1903. The objections that were made to the validity of the summons by the special appearance filed November 19, 1900, were properly sustained by the district court. The provisions of the statute fix the time for the return day of the summons and the answer day, and neither the district court nor the clerk of the same has any power to change these dates. *Crowell v. Galloway,* 3 Neb. 215; *Calkins v. Miller,* 55 Neb. 603. This order was set aside, however,

and a rehearing granted. The findings of the district court show that, at a rehearing of these objections upon the 19th day of January, 1901, the district court, Judge Keysor presiding, announced that the ruling which the court had made on December 7, 1900, would be adhered to, and sustained the objections to the jurisdiction of the court; that on the same day, at the plaintiff's request, the judge struck out the order from his trial docket by drawing his pen through the same. But the record here is silent as to this proceeding. We cannot take this order into consideration, for the reason that the record as it stands before us shows that a rehearing was granted, but does not disclose that a rehearing was ever had until January, 1904, and after the motion to amend the summons had been sustained. If the plaintiffs in error desired to take advantage of the order of January 12, 1901, sustaining the objections to jurisdiction, they should have applied to the district court for a correction of the record of that court so as to show that the objections were then sustained. So far as this court is concerned, we must consider the motion to amend the summons as having been filed while the question as to jurisdiction was still open by reason of a rehearing having been granted. If the defendant had made a general appearance in the action, there is no question of the power of the court to amend the summons. The question presented is whether or not the court has such power after the defendant appears specially and calls the attention of the court to the defects in the process.

The summons in this case was not void, but merely irregular, and, if no appearance had been made by defendant and a judgment rendered thereon, the judgment would be proof against collateral attack. 1 Freeman, Judgments (4th ed.), sec. 126; *Gandy v. Jolly*, 35 Neb. 711; *Ley v. Pilger*, 59 Neb. 561; *Campbell Printing Press & Mfg. Co. v. Marder, Luse & Co.*, 50 Neb. 283; *Jones v. Danforth*, 71 Neb. 722. We have held that amendments to an affidavit *or attachment may be properly permitted, even after a

motion to quash the proceedings has been filed based upon that particular defect. *Struthers v. McDowell,* 5 Neb. 491; *Rathman v. Peycke,* 37 Neb. 384; *Moline, Milburn & Stoddard Co. v. Curtis,* 38 Neb. 523; *Dobry v. Western Mfg. Co,.* 57 Neb. 228. The power residing in the court to permit amendments to such affidavits is granted by the same section of the code as applies to the amendment of process, and we see no reason why a narrower construction should be given it than in such matter. When the mistake in the date was called to the attention of the court by the motion to amend, the objections to the jurisdiction being still pending before the court, it was within the power and discretion of the court to permit the amendment to be made. *Fisher v. Collins,* 25 Ark. 97; *Hamilton v. Ingraham,* 121 Mass. 562; *Richmond & D. R. Co. v. Benson,* 86 Ga. 203; *Kidd v. Dougherty,* 59 Mich. 240; *Kelly v. Harrison,* 69 Miss. 856. The amendment was not made until a long period of time after the time allowed the defendants to plead or answer had expired, so that they were deprived of no substantial right, and we doubt not that the court would, if they had desired it, have granted them all necessary time to plead. They, however, announced that they would stand upon their objections to jurisdiction, and the court then rendered judgment. In this we think there was no error. As the amended summons stood, the time to plead or answer had long expired, and the defendant was in default. He asked no grace and was therefore subject to the rendition of judgment at any time. *Hamilton v. Ingraham, supra.*

Since the defendants were given proper personal service of the summons, and thus notified that an action was pending against them on which a sum certain thereupon indorsed was sought to be recovered, we see no reason why the amendment should not relate back to the time of the issuance of the summons so as to prevent the bar of the statute of limitations from falling.

We recommend that the judgment of the district court be affirmed.

Ames and Oldham, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.