## THERESIA LOCKWAY v. MODERN WOODMEN OF AMERICA.[1]

November 24, 1911.

Nos. 17,280—(125).

**Amendment of summons.**

> A summons in a civil action may be amended, upon proper application, to make the time, as therein stated, for answering the complaint, conform to the statute.

**Same — action against foreign beneficiary association.**

> The effect of section 19, c. 345, Laws 1907, was not to change this rule,

[1] Reported in 133 N. W. 398.

but merely to provide that foreign fraternal beneficiary associations shall have thirty days from the date of service of the summons in which to plead to the complaint.

Action in the district court for Brown county to recover $2,000 upon defendant's certificate of insurance. The summons required defendant to answer the complaint, a copy of which was annexed, within twenty days after the service of the summons exclusive of the day of service. Defendant appeared specially for the sole purpose of its motion and moved to set aside the summons and service thereof, for the reason that the same did not conform to the statute in requiring defendant to answer the complaint within twenty days. Upon the return day of the order to show cause, which defendant obtained, plaintiff moved to be allowed to amend the summons. The court, Olsen, J., granted plaintiff's motion and denied defendant's motion. From the order denying its motion and granting plaintiff's motion, defendant appealed. Affirmed.

*Benjamin D. Smith, A. R. Pfau, Jr.,* and *C. J. Laurisch,* for appellant.

*A. Frederickson,* for respondent.

LEWIS, J.

The summons issued in this action was dated March 23, 1911, and, the defendant being a foreign fraternal insurance association, the summons was served upon the insurance commissioner on April 7, 1911. On April 25, 1911, the defendant served notice upon the plaintiff for an order to show cause why the summons should not be vacated and set aside for the reason that it required the defendant to answer the complaint within twenty days after the date of service instead of thirty days as provided by chapter 345,[1] p. 469, Laws 1907 (R. L. Supp. 1909, §§ 1704—11 to 1704—41). The motion came on before the court upon May 1, 1911, at which time the plaintiff moved that the court amend the summons by inserting "thirty," instead of "twenty." The court ordered the summons to be amended in accordance with the motion, and defendant appealed from the order.

[1] Section 19.

1. The Constitution makes no provision with reference to the time of service of a summons or the commencement of an action, and the entire matter of legal pleadings and proceedings is left to the legislature. Article 6, § 14. It is competent for the legislature to provide that the court may acquire jurisdiction in any manner by which the defendant may be notified that proceedings have been instituted against him. Dunnell, Minn. Digest, § 7802.

There is considerable conflict whether a writ, the service of which confers jurisdiction, when made returnable at a time not authorized by law, is amendable. In the earlier decisions in some jurisdictions it was held that a writ was void which failed to comply with the law as to the time of its service, but there are decisions of more recent date holding that such writs are merely voidable and are subject to amendment. The one most directly in point, and relied on by plaintiff, is Barker v. Central West, 75 Neb. 43, 105 N. W. 985. The Nebraska statute provides that a civil action is commenced by filing a petition and by causing a summons to be issued thereon. The first step is the filing of the petition. The court held that the summons was not void because a mistake was made in the return day, that it was merely irregular, and that it was subject to amendment.

Defendant insists that this case is not in point, for the reason that in that state the jurisdiction of the court dates from the filing of the petition, whereas in this state the jurisdiction of the subject-matter and of the person are acquired by the service of the summons. That court, however, does not consider the petition the test of jurisdiction. Schuyler v. Bollong, 28 Neb. 684, 692, 45 N. W. 164; Nelson v. Nelson, 81 Neb. 363, 115 N. W. 1087. And the decision in the Barker case does not appear to be based on the distinction claimed. Authority for the decision was found in the statute allowing amendments to process. A summons made improperly returnable was amended in Simmons v. Norfolk, 113 N. C. 149, 18 S. E. 117, 22 L.R.A. 677, 37 Am. St. 614, and a summons made returnable on Sunday was amended to make it returnable the following Monday in Lawrence v. American, 70 N. J. L. 589, 57 Atl. 390.

The provisions of our own statute (sections 4157, 4158, and 4160, R. L. 1905) are ample to cover all mistakes of this character. The

requisites of a summons as prescribed by section 4103, R. L. 1905, have never been strictly construed, and no general rule has been laid down as to what defects in a summons are jurisdictional, and it is our view that if this action had been governed by section 4103, and the summons had required the defendant to answer within a less number of days than twenty, the mistake would have been a mere irregularity and subject to amendment.

2. It remains to be considered whether section 19, c. 345, p. 477, Laws 1907, was intended to change the rule, and to provide that in respect to this particular class of insurance companies a summons is void which requires the defendant to answer within less than thirty days from date of service. That portion of the statute reads:

"That no such service shall be valid or binding against any such association when it is required thereunder to file its answer, pleading or defense in less than thirty days after the date of such service."

If this section means that the summons is void when the time for answering is stated therein to be less than thirty days, then a serious question is presented as to its constitutionality. Upon what basis foreign fraternal associations may be distinguished from other foreign insurance companies or corporations in respect to the time for making a defense, so as to form a proper classification for legislation, is not easily discernible. In State v. Brotherhood of American Yeomen, 111 Minn. 39, 126 N. W. 404, this provision was held applicable to mandamus proceedings, but its constitutionality as against the charge of class legislation was not considered. It is not necessary to a decision in this case that its constitutionality in that respect be now determined. But it will not be assumed that the legislature intended to pass an unconstitutional law or an act liable to be so construed, and to give it that effect the language should be clear and susceptible of no other construction. More words were used than necessary to express it, but we are of the opinion that section 19 merely extended the time for answering from twenty days to thirty days, and that it was not intended to deprive the plaintiff of the privilege of amending the summons in case of inadvertent mistakes.

Affirmed.