## MOTEL OXMON v. MODERN WOODMEN OF AMERICA.[1]

January 23, 1914.

Nos. 18,408—(190).

**Foreign beneficiary association — vacating service of summons.**

Section 3555, G. S. 1913, authorizing service of process upon a foreign beneficiary association by serving the same upon the insurance commissioner, provides "that no such service shall be valid or binding against any such association, when it is required thereunder to file its answer, pleading or defense in less than thirty days after the date of such service." The summons in question required defendant to answer within 20 days from service thereof, and judgment by default was entered 22 days after such service. *Held:* That such service and such judgment are not binding upon defendant and must be set aside.

Action in the district court for Ramsey county to recover $1,000 upon defendant's policy of insurance. Defendant appeared specially and moved to set aside the pretended service of the summons. From three orders, Catlin, J., denying as many motions to set aside the service of summons, defendant appealed. Reversed.

*Benjamin D. Smith* and *Percy D. Godfrey,* for appellant.

*James E. Markham* and *Benjamin Calmenson,* for respondent.

---

[1] Reported in 145 N. W. 171.

Note.—As to service of process on insurance commissioner, see note in 23 L.R.A. 499.

Taylor, C.

Defendant is a fraternal beneficiary association incorporated under the laws of the state of Illinois. Plaintiff brought suit against it upon a policy of insurance issued upon the life of her husband and payable to herself, and caused the summons and complaint to be served upon the insurance commissioner. The summons required defendant to answer within 20 days after such service. Twenty-two days thereafter, no answer having been interposed, judgment was entered by default. The statute governing the service of the summons in such cases provides "that no such service shall be valid or binding against any such association, when it is required thereunder to file its answer, pleading or defense in less than thirty days after the date of such service." Section 3555, G. S. 1913. Thirty-six days after the service of the summons, defendant appeared specially and moved for an order setting aside such service on the ground that the summons was illegal and void. This motion was denied. Thereafter defendant again appeared specially and moved for an order setting aside the summons and the service thereof, and determining that the same was not valid or binding upon defendant, for the reason that it required defendant to answer within less than 30 days after the date of such service. This motion was also denied. Thereafter, by leave of court, defendant again appeared specially, and moved for an order setting aside the summons and the service thereof and vacating the judgment entered thereon, and determining that said summons and said judgment were not valid or binding against defendant, for the reason that defendant was required to answer within less than 30 days after the service of such summons. Upon this motion it was made to appear that the summons and complaint had been lost and that no answer was made within the 20 days, for the reason that defendant's attorneys and officers did not know of the pendency of the suit, and that defendant was willing to appear, answer and try the case without delay if permitted to do so. This motion was also denied. Defendant appealed separately from each of the three orders.

Defendant has not invoked the discretionary power of the court to grant it relief, and the question presented is whether it is entitled

to the relief sought as a matter of right.   Plaintiff relies upon Lockway v. Modern Woodmen of America, 116 Minn. 115, 133 N. W. 398, to support her contention that the judgment is valid.   In that case the summons required the defendant to answer within 20 days, and the trial court permitted the plaintiff therein to amend the summons by striking out 20 days and inserting in lieu thereof 30 days. This court with some hesitation affirmed the action of the trial court. The decision goes no further than to sanction the allowance of such an amendment upon proper application therefor, and cannot be extended.   The court did not hold that a summons which failed to comply with the requirements of the statute was sufficient, or that a valid judgment could be entered thereon; but merely that the court possessed the power, in a proper case, to permit the summons to be amended so as to conform to the statute.   The statute provides "that no such service shall be valid or binding against any such association, when it is required thereunder to file its answer, pleading or defense in less than thirty days after the date of such service."   The statute from which this excerpt is taken provides the only method for acquiring jurisdiction of such associations and is constitutional.   Spencer v. Court of Honor, 120 Minn. 422, 139 N. W. 815.   To hold that the service of a summons is binding upon defendant and the judgment entered thereon valid, when the statute expressly declares that such service shall not be valid or binding, would annul the statute.   This the court cannot do.   In the Lockway case the court held that a defect, such as here existed, could be cured by amendment, and we cannot go further and hold that such a summons is sufficient without amendment.   The authorities which discuss the effect of irregularities in the process by which courts acquire jurisdiction are not in point, for the statute expressly declares the effect to be given to the irregularity here in question.

The several orders appealed from are reversed.

HALLAM, J., (dissenting).

I fully agree that the judgment should be vacated.   The summons required the defendant to answer in 20 days instead of 30 days, as the statute provides, and the judgment was entered 22 days after

the summons was served. Defendant was entitled to have the judgment set aside upon motion as a matter of right. 1 Freeman, Judgments, § 97; Remnant v. Hoffman, 11 Pac. 319 (see 69 Cal. xv). See Stocking v. Hanson, 22 Minn. 542.

The opinion goes further and in terms holds that the trial court should have granted the first motion to set aside the service of the summons "on the ground that the summons was illegal and void." In Lockway v. Modern Woodmen of America, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913A, 555, an action against this same defendant, in which the same form of summons was served, the trial court denied a motion "to set aside the summons and the service thereof," held that the defect "could be cured by amendment," and on the hearing permitted the summons to be amended by inserting "thirty" days instead of "twenty," and allowed the action to proceed. This amendment was necessary to save the cause of action from the bar of the statute of limitations. On appeal the trial court was sustained.

Yet the Lockway case is not here overruled. Taking the opinion in this case and the opinion in the Lockway case together, it appears to me the court is committed to the proposition that a summons, not merely irregular but void, is subject to amendment. This is contrary to well-settled principles of law. If the decision in the Lockway case is permitted to stand, this summons should not be held void.