# T. B. FLANERY v. ROSA KUSHA, ALSO KNOWN AS MRS. JOHN KUSHA.[1]

## July 18, 1919.

## No. 21,326.

**Judgment — jurisdiction of court — defective summons.**

1. In an action commenced in the district court, the summons and complaint were served on defendant personally. The summons required her to serve her answer to the complaint "within twenty or * * * after service of this summons upon you." She failed to answer and a default judgment was entered against her. *Held* that, notwithstanding the defect in the summons, the court acquired jurisdiction to enter the judgment.

**Process — summons — liberal construction of statute.**

2. A summons is not process, but merely a notice to defendant that an action against him has been commenced and that judgment will be taken against him if he fails to answer. It is sufficient if it clearly informs him that it is intended for him and requires him to answer the complaint. The statute prescribing its requisites is to be liberally construed, there being no general rule as to what defects are jurisdictional.

Defendant, appearing specially for that purpose, in November, 1918, moved the district court for Hennepin county to set aside a default judgment entered against her in 1916. The facts are stated in the opinion. From an order denying her motion, Rockwood, J., defendant appealed. Affirmed.

*C. C. Joslyn,* for appellant.
*John A. Larimore,* for respondent.

LEES, C.

Appeal from an order denying defendant's application for the vacation of a default judgment entered against her. The application was made on the ground that the court had not acquired jurisdiction over defendant.

[1] Reported in 173 N. W. 652.

On December 29, 1915, a summons was issued in the usual form except in one particular. It notified defendant that she must serve a copy of her answer to the complaint which was attached to the summons within "twenty or * * * after service of this summons upon you." The name and address of plaintiff's attorney upon whom the answer was to be served were given, and defendant was notified that if she failed "to answer the said complaint within the time aforesaid the plaintiff in this action will take judgment against you for the sum of one hundred six and no/100 ($106.00)" with interest and costs. Personal service of the summons and complaint was made on March 16, 1916, as defendant was about to leave this state to go to Chicago, where she has since resided. She made no answer, and proof of service of the summons and complaint being filed, together with proof of her default, judgment was entered against her on May 8, 1916. An execution was issued on September 6, 1916, and a levy on land in which she had an interest was made, followed, on November 13, 1916, by an execution sale thereof to plaintiff. On September 22, 1917, plaintiff assigned the sheriff's certificate of sale to third parties, who now claim title to the land, there having been no redemption from the sale.

Section 7729, G. S. 1913, prescribes the requisites of a summons. In part, the section reads as follows:

"The summons shall * * * require him (defendant) to serve his answer to the complaint * * * within twenty days after the service on him of such summons exclusive of the day of service."

The defect in this summons consists in the omission of the word "days" after the word "twenty."

The sole question before us is whether the court failed to acquire jurisdiction because of this defect. We answer the question in the negative and will briefly state our reasons for so answering it.

A summons is not process, but merely a notice to defendant that an action against him has been commenced and that judgment will be taken against him if he fails to answer. Hanna v. Russell, 12 Minn. 43 (80); First Nat. Bank of Whitewater v. Estenson, 68 Minn. 28, 70 N. W. 775; Morrison County Lumber Co. v. Duclos, 131 Minn. 173, 154 N. W. 952. The statute does not prescribe the form of a summons. It is sufficient in this regard if it clearly informs the defendant that it is

intended for him and requires him to answer the complaint. Plano Mnfg. Co. v. Kaufert, 86 Minn. 13, 89 N. W. 1124. The statute prescribing its requisites is to be liberally construed, there being no general rule as to what defects are jurisdictional. Lockway v. Modern Woodmen, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913A, 555.

The effect of an omission in a summons such as we have here has not heretofore been considered by this court. Lockway v. Modern Woodmen, supra, comes nearest to being in point. The summons in that case required defendant to answer within 20 days instead of 30, to which it was entitled by the statute applicable to the class to which defendant belonged. The statute further provided that the service of the summons requiring an answer to be filed within less than 30 days after such service should not be valid or binding. Nevertheless it was held that the summons might be amended to conform to the statute and that defendant's motion to vacate the service was properly denied. It was said in passing that, if the summons had required defendant to answer within a less number of days than 20, the mistake would be a mere irregularity and subject to amendment. It is but a short step from this holding to the one in the case at bar. If a summons requiring defendant to answer in less than 20 days after its service gives the court jurisdiction over him, one which required him to answer, without stating when, must likewise give jurisdiction.

Read in connection with the complaint served with it, the summons in this case notified defendant that she had been sued by plaintiff in the district court of Hennepin county; that, if she did not answer the complaint by serving a copy of her answer on plaintiff's attorney at his office in Minneapolis, judgment would be taken against her for $106 with interest and costs, and that her answer must be served "within twenty or  *  *  *  after service of this summons." Counsel for defendant forcibly contends that "twenty" may refer to any known division of time, such as hours, days, weeks or months, and that there is nothing to advise defendant—an illiterate woman of foreign birth—that 20 days were intended. On the other hand counsel for plaintiff refer to the rule that everyone is presumed to know the law and that the statute allows a defendant 20 days after service of a district court summons upon him within which to appear and answer. We do not

deem either contention to be of controlling importance, basing our decision upon the holding that the omission of the word "days" did not destroy the validity of the summons and that such an omission was an irregularity only, so that the court obtained jurisdiction over the defendant and its judgment against her was not void.

We have not overlooked the cases cited by counsel for defendant. All of them are from other states. Some of them sustain the contention that this summons was fatally defective. Gundry v. Whittlesey, 19 Wis. 227, is perhaps the strongest case in defendant's favor. The Wisconsin statute required the summons to specify the amount for which judgment would be taken in case of failure to answer. The summons notified defendant that if he failed to answer plaintiff would take judgment against him for "two hundred and fifty  *  *  *  with ten per cent interest." Omission of the word "dollars" was held to be fatal to the validity of the summons. The complaint was not served and, of course defendant could only surmise that plaintiff was asking for a judgment of $250. There is a material difference in the nature of the omission in the summons in that case and the omission involved in this case. We find nothing in the other cases cited tending to weaken the force of the decisions heretofore rendered by this court, to which we have called attention and which in our judgment necessarily lead to the conclusion we have reached here.

Order affirmed.