FRED O. DRESSEL v. ROSE L. BRILL AND OTHERS.[1]

July 2, 1926.

No. 25,325.

**When summons in mechanic's lien action will not be set aside for defects.**
The summons in an action to foreclose a mechanic's lien will not be set aside for defects therein which do not affect or prejudice the substantial rights of the defendants.

Mechanics Liens, 27 Cyc. p. 363 n. 9.

Action in the district court for Hennepin county to foreclose a mechanic's lien. Defendants Rose L. Brill and Louis Brill appealed from an order, Baldwin, J., denying their motion to set aside the service of summons. Affirmed.

*Leonard Keyes*, for appellants.
*Herbert T. Park*, for respondent.

TAYLOR, C.
Action to foreclose a mechanic's lien. The statute provides:

"The summons shall state that the complaint has been filed with the clerk and shall be of no effect unless such complaint be in fact so filed. It shall contain a notice that the action is brought to foreclose a lien, giving the amount thereof, and a brief description of the premises affected, and of the improvement out of which the lien arose." G. S. 1923, § 8500.

Defendants Brill, owners of the property, made a motion to set aside the service of the summons for the reason that it failed to state the amount of the lien or the improvement out of which it arose. Plaintiff made a motion to amend the summons. Both motions were denied. Defendants Brill appealed.

"In furtherance of justice, the court, on proper terms, may permit any other defect or error in the papers to be amended, and may

[1]Reported in 209 N. W. 868.

relieve against any mischance, omission, or defect within one year after it occurs." G. S. 1923, § 9243, in part.

"The court, in furtherance of justice and upon proper terms, may amend any pleading, process, or proceeding, either before or after judgment, by adding or striking out the name of a party, by correcting a mistake in the name of a party or in any other particular, by inserting other material allegations, or, if the amendment does not substantially change the claim or defense, by conforming any pleading or proceeding to the facts proved." G. S. 1923, § 9280.

"The court, in its discretion * * * may supply any omission in any proceeding, or in the record, or by amendment conform any proceeding to the statute under which it was taken." G. S. 1923, § 9283.

"In every stage of an action, the court shall disregard all errors or defects in the pleadings and proceedings which do not affect the substantial rights of the adverse party, and no judgment shall be reversed or affected by reason thereof." G. S. 1923, § 9285.

This summons contained a notice that the action was brought to foreclose a mechanic's lien upon a specified lot in the city of Minneapolis and that the complaint was on file in the office of the clerk of the court, but failed to state the amount of the lien or the improvement out of which it arose.

The statutes quoted direct that all errors, omissions or defects in legal proceedings shall be corrected or disregarded unless they affect the substantial rights of the adverse party. The court might well have amended the summons on plaintiff's application under the power conferred by G. S. 1923, § 9280. Lockway v. Modern Woodmen, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913A, 555; Morrison Co. Lbr. Co. v. Duclos, 131 Minn. 173, 154 N. W. 952; Wise v. C. B. & Q. R. Co. Rel. Dp. 133 Minn. 434, 158 N. W. 711; Farmers Imp. Co. v. Sandberg, 132 Minn. 389, 157 N. W. 642.

Instead of doing so the court by its order in effect held that the omission did not affect the substantial rights of the moving defendants and disregarded it. The complaint was on file and all the facts

relating to the claim asserted were readily ascertainable therefrom, and we fail to see how the omission could have resulted in any substantial prejudice to the defendants. It must be borne in mind that the action is not an action which concerns only plaintiff and the named defendants, but that all persons claiming mechanic's liens, even if not named as parties and no service is made upon them, are required to assert their claims by filing answers in this action. Such liens cease unless asserted by complaint or answer within one year after the furnishing of the last item, and if the summons were to be set aside other lien claimants, without any fault on their part, might lose their liens for a defect of which they had no knowledge. The statute, G. S. 1923, § 8500, requires the summons to state that the complaint has been filed and declares that it "shall be of no effect unless such complaint be in fact so filed."

The statute then specifies the other facts which are to be stated but does not declare that the summons shall be of no effect unless such facts are stated. The filing of the complaint is essential for the information not only of the defendants but also of other lien claimants, for it is intended as notice to them. Unless the complaint is filed, lien claimants upon whom the summons was not served would have no knowledge of the pendency of the action, and hence there was a substantial reason for providing that the summons should be of no effect unless the complaint had in fact been filed. There was also a substantial reason for not declaring the summons void for defects in the summons itself.

Doubtless the legislature intended to afford all lien claimants a proper and sufficient opportunity to preserve and enforce their liens, and to that end declared that the failure to file the complaint should render the summons void, but did not declare that defects in the form of the summons itself should render it void, leaving such cases to be governed by the general statutory rule that errors not affecting the substantial rights of a party are to be corrected or disregarded. We think the omission in question falls within this rule.

Order affirmed.

WILSON, C. J. and DIBELL, J. (dissenting.)

Where the summons fails to comply in any substantial particular with the requirements of the statute our decisions are, though often the question arises indirectly, that the defendant has the right to have the service set aside on motion seasonably made. See Oxman v. Modern Woodmen, 124 Minn. 390, 145 N. W. 171; Houlton v. Gallow, 55 Minn. 443, 57 N. W. 141; W. W. Kimball Co. v. Brown, 73 Minn. 167, 75 N. W. 1043; Lee v. Clark, 53 Minn. 315, 55 N. W. 127. In requiring the summons to state the amount of the lien and the improvement out of which it arose, the legislature had in mind the furnishing of the defendant, who does not receive the complaint, information of value to him. The necessary effect of the prevailing opinion is that the plaintiff may do as he chooses about inserting in the summons what the legislature says shall be there. It should be noted that the question of the right to amend the summons is not for decision. Only the order refusing to set aside the service is for review.