## NELS M. MELVEY v. A. W. BOWMAN AND OTHERS.[1]

January 14, 1927.

No. 25,750.

**When objection to bill of particulars comes too late.**

1. A party in a mechanic's lien suit who does not complain during the course of the trial of the want of a bill of particulars, or of its defective verification, and permits the lien claims to be proved without objection, cannot complain afterwards.

**Defect in summons in mechanic's lien action amendable irregularity.**

2. The statute provides that the summons in a mechanic's lien action shall require the answers to be filed with the clerk of court. The summons required them to be served as in the ordinary case. The defect was not jurisdictional and was no more than an amendable irregularity or one which might be overlooked; and a defendant which filed its answer and litigated made a general appearance and could not complain.

**Priority of lien claims over mortgage sustained.**

3. The finding that the priority of the lien claims over the mortgage of the defendant trust company was not waived is sustained.

**Lien claimants not estopped from asserting priority.**

4. The evidence sustains the finding that the lien claimants were not estopped from asserting priority.

Appeal and Error, 3 C. J. p. 792 n. 25, 27.
Appearances, 4 C. J. p. 1335 n. 49; p. 1358 n. 64.
Mechanics' Liens, 40 C. J. p. 412 n. 86; p. 477 n. 65.

Defendant Minneapolis Trust Company appealed from an order of the district court for Clay county, Parsons, J., denying its motion for a new trial. Affirmed.

*Edgar E. Sharp*, for appellant.

*R. J. Powell* and *Garfield H. Rustad*, for respondents.

[1] Reported in 212 N. W. 194.

DIBELL, J.

Action to enforce a mechanic's lien. There were findings for the plaintiff and lien-claiming defendants whose liens were adjudged prior to a mortgage of $20,000 to the defendant Minneapolis Trust Company. The trust company appeals from the order denying its motion for a new trial.

1. The bill of particulars of the plaintiff, who was the general contractor, and that of defendant Schill are not verified. The complaint of the plaintiff and the answer of Schill are verified and in each is an allegation that a bill of particulars is attached and made a part of the pleading, but it is not alleged that the bill of particulars is correct. In this respect Lyons v. Westerdahl, 128 Minn. 288, 150 N. W. 1083, where the sufficiency of the bill of particulars was sustained, is distinguished. No bill of particulars was attached to the answer of the defendants Anderson and Twight, although their answer refers to a bill of particulars as if attached.

The trust company made no objection to the sufficiency or to the absence of a bill of particulars and the accounts of the lien claimants were proved without objection. The case was closed in October, 1924, and argued. In its brief the trust company raised the points relative to the bills of particulars. The case was reopened for the taking of testimony in April, 1925, and in June, 1925, additional testimony relative to the priority of the liens and mortgage was taken, but nothing further was said or done about the bills of particulars. The testimony as to the items of the lien claims was at that time in, no objection had been made, and there was a waiver which cannot be recalled now.

2. The statute provides that the summons shall require the answers to be filed with the clerk of the court. G. S. 1923, § 8500. The summons required the defendants to serve their answers as in the ordinary action. The irregularity was not a jurisdictional defect, was amendable or might be disregarded. Dressel v. Brill, 168 Minn. 99, 209 N. W. 868; Flanery v. Kusha, 143 Minn. 308, 173 N. W. 652, 6 A. L. R. 838; First Nat. Bank v. Coon, 143 Minn. 262, 173 N. W. 431; Lockway v. Modern Woodmen, 116 Minn. 115, 133

N. W. 398, Ann. Cas. 1913A, 555; Dun. Dig. §§ 7802-7806, and cases cited. Besides, the trust company answered and actively litigated. Its appearance was general and it cannot complain. Carr-Cullen Co. v. Cooper, 144 Minn. 380, 175 N. W. 696.

3. The trust company claims that its mortgage dated November 1, 1920, is prior to the claim of the plaintiff and the other lien claimants. The work was begun sometime in July, 1920, and the liens of the claimants related to that date. But the trust company contends that the understanding was that its mortgage, out of which the building was in a large part financed, should take priority of the plaintiff's lien, and that there was a waiver of the apparent priority of the liens. It seeks to establish a waiver through the testimony of the vice president of the First National Bank of Moorhead, which was taking or negotiating the bonds secured by the mortgage. The testimony of the vice president is frank throughout. His testimony in connection with that of the plaintiff fell far short of requiring a finding that there was a waiver, if indeed it would sustain such a finding.

4. The trust company contends further that the plaintiff is equitably estopped from asserting priority upon the theory that he stood by knowing that it was understood that the bonds would be prior to the mechanics' lien, and that in reliance upon the understanding it accepted the mortgage. Here again the evidence falls far short of requiring a finding of facts necessitating the application of the doctrine of equitable estoppel. It would be difficult indeed to sustain such a finding.

Order affirmed.