## RICKARD v. THOMPSON.

No. 7303.

Circuit Court of Appeals, Ninth Circuit.

Aug. 29, 1934.

Chas. E. Taylor, of Fairbanks, Alaska, for appellant.

Louis K. Pratt, of Fairbanks, Alaska, for appellee.

Before WILBUR, SAWTELLE, and GARRECHT, Circuit Judges.

GARRECHT, Circuit Judge.

This is an appeal from a judgment rendered in the above-named District Court against appellant, who was the plaintiff in

the lower court, and in favor of the appellee, Nellie Thompson, who was defendant therein, in an action brought by appellant to quiet title to a certain placer mining claim. The following findings of fact and conclusions of law were made by the District Court:

## Findings of Fact.

"I. The Court finds from the evidence seen and heard in this case that, on the 22nd day of August, 1902, one A. W. Howes secured a valid mining title under the laws of the United States to Creek placer mining claim No. 6 above Discovery on Cleary Creek, Fairbanks Precinct, Fourth Judicial Division, Territory of Alaska, being the same mining ground in controversy herein; that thereafter and. on the 3rd day of March, 1906 the defendant Jesse Noble, by mesne conveyances from the original locator, the said A. W. Howes, became the lawful owner of the undivided one-half of the lower one-half of the said mining claim; that on the 22nd day of October, 1907, the said Jesse Noble sold and conveyed to his then wife, Nellie Noble, his said interest and title in the said mining claim, to-wit: the undivided one-half of the lower one-half of said claim, and at the time of such conveyance and as a part consideration therefor agreed with her that thereafter and as long as she should own and hold the said interest, he would safeguard and protect the same by doing the assessment work or causing it to be done upon the said mining claim; that at the date of the said conveyance, to-wit, October 22, 1907, the grantee therein was the wife of defendant Jesse Noble and was known and called Nellie Noble, but in the year 1910 she secured a divorce from her then husband Jesse Noble and afterwards and on November 11, 1911, was remarried to W. F. Thompson of Fairbanks, and has since been known and called Nellie Thompson, one of the defendants in this action; that on the 23rd day of April, 1928, the defendant Jesse Noble became the owner by purchase from the Steven Albasini estate of the remaining three-fourths (¾) interest in and to the said mining claim and has ever since held and is now the owner of the said interest; that for each of the assessment periods ending July 1, 1928 and 1929 the assessment work and improvement amounting in value to one hundred dollars as required by the laws of the United States was done and performed upon the said mining claim or caused to be performed by the defendant Jesse Noble, and during each of the assessment periods ending July 1, 1930 and July 1, 1931, work of the value of more

than three hundred dollars was done or caused to be done by Jesse Noble off claim number 6 above Cleary Creek and on claims numbers 7 and 8 above on Cleary Creek, which work consisted of cleaning out, repairing and constructing a ditch for the purpose of bringing water to a point where it could be used for mining number 6; that 7 and 8 at the time of doing said assessment work belonged to Jesse Noble and claims numbers 6, 7 and 8 were contiguous claims, and the mining titles of himself and his co-defendant Nellie Thompson were thereby fully safeguarded and protected; that on October 19, 1931, the date upon which the plaintiff Rose Rickard claims that she re-located the said mining claim and secured a mining title thereto, said claim was not open to relocation by her or any other person and her attempted relocation thereof at that time was void and she secured no mining title thereto as against Nellie Thompson or anybody else.

"II. That at the date of the commencement of this action, ever since and now, the title to the said mining claim was and is held and owned in the following proportions: The defendant Jesse Noble was and is the owner of the upper half of said claim number 6 above on Cleary Creek, and the said Jesse Noble and defendant Nellie Thompson each own an undivided half of the lower half of said claim, and the plaintiff Rose Rickard had and has no title thereto of any kind or description."

[Finding III which refers to attorney's fees and costs omitted.]

## Conclusions of Law.

"That as Conclusions of Law the Court finds that the defendant Nellie Thompson is entitled to a decree that at the time of the commencement of this action, ever since and now, she was and is the owner of an undivided one-half (½) interest in the lower half of the mining claim described in paragraph One of the Findings of Fact as above set forth, and that the defendant Jesse Noble was the owner of the upper half of said claim and an undivided one-half interest in the lower half thereof, and that the plaintiff Rose Rickard had no title to the said ground of any kind or nature and that the defendant Nellie Thompson is entitled to a decree quieting her said title to her undivided one-half (½) interest in the lower half of said mining claim as against the plaintiff and also against her co-defendant Jesse Noble, and that both the plaintiff and the defendant Jesse Noble be enjoined from in any wise

interfering with her quiet and peaceable possession and use of her said undivided one-half interest in the lower half of said claim, and, further, that defendant Nellie Thompson is entitled to a money judgment against the plaintiff Rose Rickard for all of the costs and disbursements of the action including an attorneys fee."

A decree was entered based upon these findings and conclusions.

By most of the assignments of error it is contended that the court erred in the findings of fact, the claim being made that there was no evidence to sustain some of them and that others are contrary to the evidence, but as appellant has failed to include in the record any of the evidence taken at the trial and the only statement as to evidence is contained in the opinion of the court, which amply sustains the findings and decrees, this court must presume that those findings are correct. Vineyard Land & Stock Co. v. Twin Falls Oakley L. & W. Co. (C. C. A. 9) 245 F. 30; Woods-Faulkner & Co. v. Michelson (C. C. A. 8) 63 F.(2d) 569; Karn v. Andresen (C. C. A. 8) 60 F.(2d) 427.

In the other assignments of error it is claimed that the court erred in striking from the amended reply of plaintiff certain designated portions and in sustaining the demurrer of appellee to the further and separate reply contained in plaintiff's second amended reply; and in striking from plaintiff's third amended reply certain designated portions. It is only by considerable effort that these assignments can be understood, but we hold that no error is assignable as to these rulings of the court on the pleadings as claimed, for the reason that the case was tried and submitted on a fourth amended reply in which the appellant failed to repeat those certain paragraphs theretofore ruled against by the court, and for the further reason that notwithstanding that the allegations in question had been eliminated by the rulings of the court, it still appears from the findings that appellant was permitted to submit evidence as to the matter alleged.

The defense to the answer attempted to be set up by these several replies was that the failure of the appellee to perform the required assessment work either upon the lower divided half or the upper divided half of the mining claim in controversy would not inure to the benefit of the other divided half for the reason that the owners of such divided portions were neither co-owners in any respect, or owners in common, so that the work done on each portion could inure to the benefit of the other portion, not having been properly grouped for such purposes.

From the earliest period in which mining for gold and silver was pursued as a business, miners were in the habit of consolidating adjacent claims, whether they consisted of one or more original locations, into one for convenience and economy in working them. Water is essential for the working of mines, and in many instances can be obtained only from great distances by means of canals, flumes, and aqueducts, which require for their construction large expenditures of money, often entirely beyond the means of a single individual.

The language of Justice Field in the case of St. Louis Smelting & Refining Company v. Kemp, 104 U. S. 636, 655, 26 L. Ed. 875, well applies to the situation here presented:

"* * * Labor and improvements, within the meaning of the statute, are deemed to have been had on a mining claim, whether it consists of one location or several, when the labor is performed or the improvements are made for its development, that is, to facilitate the extraction of the metals it may contain, though in fact such labor and improvements may be on ground which originally constituted only one of the locations, as in sinking a shaft, or be at a distance from the claim itself, as where the labor is performed for the turning of a stream, or the introduction of water, or where the improvement consists in the construction of a flume to carry off the debris or waste material. * * *"

The courts have uniformly held that annual labor may be done outside of the claim or group of claims, and the universal rule is that proof may be offered to show that such work was done for the purpose of developing the claims, and the fact that it tends to develop them, and, when shown, it complies with all requirements. In illustrating this rule the Supreme Court of Nevada in the case of Love v. Mt. Oddie United Mines Co., 43 Nev. 61, 181 P. 133, 184 P. 921, at page 923, said:

"* * * It is the policy of the law to encourage the doing of annual labor on mining claims in a manner which will best develop the property and lead to the discovery of mineral, and for that reason annual labor upon a group of mining claims may be done all in one place, the object of the government being to encourage such development as is most likely to result in the production of the precious minerals; and since depth is usu-

810

ally necessary in the making of a mine, it is much better, as a general rule, to spend $800 in one place than to distribute $800 in eight or more places, provided it is done in an honest effort to make a mine, and in a manner tending to develop all of the claims. * * * ''

To the same effect are Chambers v. Harrington, 111 U. S. 350, 4 S. Ct. 428, 28 L. Ed. 452, and Jackson v. Roby, 109 U. S. 440, 3 S. Ct. 301, 27 L. Ed. 990.

The District Court found as a fact that at the time Jesse Noble conveyed the undivided half of the lower half of claim No. 6 to his then wife, Nellie Noble, now Nellie Thompson, appellee, as part of consideration for certain conveyances and agreements then entered into, he agreed that thereafter as long as she should own and hold said interest he would safeguard and protect the same by doing or causing to be done the assessment work thereon.

■ This finding is assigned as error, the claim being that there was no evidence to show that such agreement was in writing or of record. It is not shown that any objection was interposed to this evidence so as to make any assignment of error available. As heretofore stated, the evidence as adduced on the trial is not in the record. Appellant relies for support of her contention by reference to matters appearing in the opinion of the court below, but the rule is well settled that on appeal recourse cannot be had to an opinion rendered by the court below to ascertain the facts, where there is no evidence in the record and where the case was decided on issues of fact. Clark v. Milens (C. C. A. 9) 32 F.(2d) 1004; Townsend v. Beatrice Cemetery Ass'n (C. C. A. 8) 138 F. 381, and cases cited.

■ In any event it is conceded that Noble and appellee, Thompson, had a common interest in claim No. 6. While the labor or improvement required by the statute ordinarily must be performed or made by the owner of the claim, this can be done by the owner's authorized agent or legal representative. In this case the necessary agency is established by the findings, besides, it would be sufficient to preserve the claim if the work was performed by any one who had a legal or equitable interest or title therein, and, as Noble had such an interest, his performance of the necessary work as shown inured to the advantage of his co-owner, appellee herein. 40 C. J. 830, § 270.

There being no error, the decree of the District Court is affirmed.