## UNITED STATES v. VAN DUSEN.
### No. 10176.

Circuit Court of Appeals, Eighth Circuit.
May 29, 1935.

E. H. Horton, Sp. Asst. to Atty. Gen. (Frank J. Wideman, Asst. Atty. Gen., Sewall Key and A. F. Prescott, Sp. Assts. to Atty. Gen., and George F. Sullivan, U. S. Atty., and Linus J. Hammond, Asst. U. S. Atty., both of St. Paul, Minn., on the brief), for the United States.

Hayner N. Larson, of Minneapolis, Minn. (J. B. Faegre and Cobb, Hoke, Benson, Krause & Faegre, all of Minneapolis, Minn., on the brief), for appellee.

Before GARDNER, SANBORN, and FARIS, Circuit Judges.

SANBORN, Circuit Judge.

On March 27, 1934, a summons was issued out of the United States District Court for the District of Minnesota, reading as follows:

"United States District Court.
"Fourth Division, District of Minnesota.
"The President of the United States of America.
"To the Marshal of the District of Minnesota—Greeting:
"You are hereby commanded, that you summon Myra C. Van Dusen, late of your District, if she may be found therein, so that she be and appear within twenty days after service of this summons before the United States District Court for the District of Minnesota, at Minneapolis next to answer to the complaint of United States of America. And have you then and there this writ.
"Witness. the Honorable Joseph W. Molyneaux, United States District Judge at

Minneapolis, this 27th day of March, A. D. 1934.

"[Seal of the court]

"Margaret L. Mullane, Clerk,

"By Frances Baxter, Deputy Clerk."

On May 23, 1934, the United States marshal, to whom the summons was directed, filed the following return: "I hereby certify and return, that I received the within writ on the 27th day of March, 1934, and personally served the same on the 21st day of May, 1934, on Myra C. Van Dusen by delivering to and leaving with May Stav, house-maid, an adult person, who is a member or resident in the family of Myra C. Van Dusen said defendant named therein, at the Residence, Zumbro Heights, County of Hennepin in said District, an attested copy thereof, at the dwelling house or usual place of abode of said Myra C. Van Dusen, one of said defendants herein."

The defendant (appellee here), appearing specially, moved the court to quash the summons and to set aside the service thereof "by reason of the fact that said summons is not in substantial compliance with the requirements of Mason's Minnesota Statutes 1927, section 9225, and for that reason is invalid and of no effect." The court granted this motion. From the order quashing the summons, the plaintiff has appealed.

The record does not show that the complaint was served with the summons, nor does it show that the plaintiff applied to the court for leave to amend the summons. The plaintiff in its brief states that the defendant received the complaint with the summons; and that may also be inferred from the opinion of the court, which is in the record. From the oral argument and briefs, we understand that the plaintiff applied to the court below for permission to amend. The court expressed the opinion that the summons was fatally defective.

The question before us is whether, upon the record presented, the court erred in making the order which was made. An appellate court must be controlled in its decision solely by the facts contained in the record. It may not have recourse to other facts stated by counsel in oral argument or contained in their briefs, unless they are matters of which the court might properly take judicial notice. Leonard v. Field (C. C. A. 9) 71 F.(2d) 483, 487; Virginia Beach Bus Line v. Campbell (C. C. A. 4) 73 F.(2d) 97, 101. Nor can the court resort to the opinion of the trial court to ascertain the facts. Townsend v. Beatrice Cemetery Ass'n (C. C. A. 8) 138 F. 381; Clark v. Milens (C. C. A. 9) 32 F. (2d) 1004; Rickard v. Thompson (C. C. A. 9) 72 F.(2d) 807, 810. In other words, deficiencies in the record may not be supplied by stipulations or statements of counsel or recitals in the opinion of the court from which the appeal is taken. "Whatever the error may be, and in whatever stage of the cause it may have occurred, it must appear in the record, else it cannot be revised in a court of error exercising jurisdiction according to the course of the common law." Suydam v. Williamson et al., 20 How. 427, 433, 15 L. Ed. 978; Becker v. Evens & Howard Sewer Pipe Co. (C. C. A. 8) 70 F.(2d) 596; McCuing v. Bovay (C. C. A. 8) 60 F.(2d) 375. Any decision which we reach, therefore, must be based upon the record before us, which contains the summons, the complaint, the return of the marshal, the motion to quash, and the order appealed from.

The Federal District Courts have power to issue all writs necessary for the exercise of their respective jurisdictions. Section 377, title 28, U. S. C. (28 USCA § 377). Such writs are to be under the seal of the court and signed by the clerk. Section 721, title 28, U. S. C. (28 USCA § 721). The practice, pleadings, and forms and modes of proceeding in civil causes (except equity and admiralty causes) shall conform, as near as may be, to the practice, pleadings, and forms and modes of proceeding in like causes in the courts of record of the state within which the Federal District Court is held. Section 724, title 28, U. S. C. (28 USCA § 724). Congress has granted to the Federal District Courts abundant power to amend their process (section 767, title 28, U. S. C. [28 USCA § 767]), and has provided that no summons in a civil action shall be quashed for any defect or want of form, but that such defects shall be amended. Section 777, title 28, U. S. C. (28 USCA § 777).

When the summons here in question was issued, section 9225, Mason's Minnesota Statutes 1927, provided:

"The summons shall be subscribed by the plaintiff or his attorney, be directed to the defendant, and require him to serve his answer to the complaint on the subscriber, by copy, at a specified place within the state where there is a postoffice, within twenty days after the service ·on

him of such summons, exclusive of the day of service. It shall also notify him, in substance, that if he fails so to serve his answer:

"1. If the action be for the recovery of a debt or a liquidated money demand only, that the plaintiff will take judgment for an amount specified therein.

"2. In other actions, that he will apply to the court for the relief demanded in the complaint."

Rule 3 of the Rules of the United States District Court for the District of Minnesota provided:

"1. All process shall run in the name of the President of the United States of America, be signed by the clerk, and issued under the seal of the court.

"2. All writs and process, including the summons, shall be issued by the clerk, and shall have the name of the attorney of the party at whose instance they are issued indorsed thereon.

"3. The summons shall be delivered by the clerk directly to the marshal for service, and shall be served by the marshal in the manner prescribed by the statutes of this State. Upon the service of the summons, the marshal shall file the same in the office of the clerk, with his return attached thereto.

"4. Actions at law shall be commenced by filing a complaint with the clerk, upon which a summons shall be issued as of course, directed to the defendant, requiring him to appear and demur or answer to the complaint within 20 days from the day of service. Except as provided in these rules and in the laws of the United States, the summons, pleadings, and proceedings in the suit shall be as prescribed by the laws of this State."

This rule of court and the state statute referred to clearly called for a summons directed to the defendant, requiring her to answer the complaint within 20 days from the day of service, and notifying her that if she failed to answer, the plaintiff would take judgment against her for the amount specified in the complaint (the action being one for a liquidated money demand).

The summons which the defendant received from the marshal was not directed to her, but was a writ directed to the marshal requiring him to summon her to appear and to answer. It contained no notice to her as to what consequence would follow upon her failure to answer. It was not in conformity with the state practice or with the federal practice in the District of Minnesota.

The plaintiff contends that the defects in the summons are merely formal and should have been disregarded by the court or amended by it as of course. We find no cases, either state or federal, directly in point. Ammons v. Brunswick-Balke-Collender Co. (C. C. A. 8) 141 F. 570, is perhaps the nearest approach. In that case this court regarded a failure to state in the summons the consequence of default, as a formal defect. The applicable Arkansas statute, however, did not expressly provide for notice to the defendant of the effect of default.

This is not a case where the summons was in accordance with a rule of the federal court which was not in strict conformity with the provisions of a state statute, as in Shepard v. Adams, 168 U. S. 618, 18 S. Ct. 214, 42 L. Ed. 602, and Boston & Maine R. R. v. Gokey, 210 U. S. 155, 28 S. Ct. 657, 52 L. Ed. 1002; nor is it a case where the summons substantially conformed to the state statute, but was irregular under the federal practice, as in Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co. (C. C. A. 4) 37 F.(2d) 695, 699. Here the summons followed neither the state statute nor the rule of the federal court.

The Supreme Court of Minnesota has shown great liberality in permitting irregularities or defects of form in a summons to be disregarded or corrected. Dressel v. Brill, 168 Minn. 99, 209 N. W. 868; Lockway v. Modern Woodmen of America, 116 Minn. 115, 133 N. W. 398, Ann. Cas. 1913A, 555; Melvey v. Bowman, 169 Minn. 504, 212 N. W. 194.

"The requisites of a summons" as prescribed by the Minnesota statute "have never been strictly construed, and no general rule has been laid down as to what defects in a summons are jurisdictional." Lockway v. Modern Woodmen of America, supra, 116 Minn. 115, 117, 118, 133 N. W. 398, Ann. Cas. 1913A, 555; Flanery v. Kusha, 143 Minn. 308, 173 N. W. 652, 6 A. L. R. 838. One might perhaps be justified in inferring from statements in Plano Manufacturing Co. et al. v. Kaufert, 86 Minn. 13, 16, 89 N. W. 1124, 1125, and in Flanery v. Kusha, supra, 143 Minn. 308, 309, 173 N. W. 652, 6 A. L. R. 838, that a summons would be held to be sufficient to confer jurisdiction if it clearly informed

the defendant that it was intended for him, and required him to answer the complaint; although a summons is referred to in those cases as "a notice to defendant that an action against him has been commenced and that judgment will be taken against him if he fails to answer." In these cases, however, there was no failure to notify the defendant that judgment would be taken against him if he defaulted, and the court was dealing with a different question than that here presented.

The general rule in Minnesota has been that where a summons fails to comply in any substantial particular with the requirements of the statute, the defendant has the right to have the service set aside on motion seasonably made. Lee v. Clark, 53 Minn. 315, 55 N. W. 127; Houlton v. Gallow, 55 Minn. 443, 57 N. W. 141; W. W. Kimball Co. v. Brown, 73 Minn. 167, 75 N. W. 1043; Oxmon v. Modern Woodmen, 124 Minn. 390, 145 N. W. 171. In Plano Manufacturing Co. et al. v. Kaufert, supra, 86 Minn. 13, 89 N. W. 1124, it was held that there must be a substantial compliance with the statutory requirement that the summons be directed to the defendant.

▮▮▮ Two requirements of the Minnesota statute and of the rule of the Federal District Court were clearly ignored in the issuance of this summons, as has already been pointed out. Unless we are prepared to say that these requirements were merely formal and could properly be ignored, there is no way of escaping the conclusion that the order quashing the summons is not subject to reversal. We think the requirements related to substance, and not merely to form. We do not hold that the court below was without power to allow the plaintiff to amend. That question is not before us upon this record. We are fully aware that the modern tendency is toward extreme liberality in allowing amendments to process where no hardship results and no injustice is done. Massachusetts Bonding & Ins. Co. v. Concrete Steel Bridge Co., supra (C. C. A. 4), 37 F.(2d) 695, 700. With this tendency we are in accord. However, statutory requirements relating to practice and procedure may not be entirely disregarded, and so nullified. This court in two cases has included in the definition of "void process" that "which fails in some material respect to comply with the requisite form of legal process." Bryan v. Congdon (C. C. A.) 86 F. 221, 223; Jochem v. Cooley (C. C. A.) 176 F. 719, 722.

It cannot be said that the conclusion of the lower court that this summons was fatally defective is without support.

The Supreme Court of the United States, speaking generally, has said: "All persons are charged with knowledge of the provisions of statutes and must take note of the procedure adopted by them and when that procedure is not unreasonable or arbitrary there are no constitutional limitations relieving them from conforming to it." North Laramie Land Company v. Hoffman et al., 268 U. S. 276, 283, 45 S. Ct. 491, 494, 69 L. Ed. 953.

The statement in the plaintiff's brief that "the summons in the instant case was in the usual form used by the Federal courts in Minnesota for many years," is not substantiated by anything in the record, and we have reason to believe that it is erroneous.

Our conclusion is that, since the summons was defective in substance as well as form, the plaintiff is not entitled to a reversal of the order appealed from.

The order is affirmed.