# DR. L. I. DUFF v. STEVE USIAK.[1]

## No. 33,478.

### April 9, 1943.

*Courtney & Courtney,* for relator.

There was no brief filed on behalf of respondent in this court.

HILTON, JUSTICE.

Judgment was entered against relator in the conciliation court of Duluth for the value of an outboard motor. He removed the action to the municipal court by serving a notice of such removal within the time required by statute. Upon motion, an order was entered dismissing the appeal on the ground that the notice of removal was defective in that it failed to set forth respondent's street address in the city of Duluth. The court officer's return of service contained the address. *Certiorari* was granted by this court to determine the sole issue whether the municipal court properly denied jurisdiction.

The provision for removal, L. 1927, c. 17, § 19(a), provides for the service of a "written demand for a trial of the cause in the

[1]Reported in 9 N. W. (2d) 319.

municipal court," and "such original demand *or* proof of service shall show * * * the addresses of all parties to the action." The provision requiring the addresses to be shown is in the alternative. Either the "demand" *or* the "proof of service" may show it. As stated, the proof of service here does show respondent's address. Therefore, the statutory requirements were complied with.

Counsel for relator states in his brief:

"The former convenient, economical and entirely satisfactory method of appeals from the Municipal Court of Duluth to our District Court, where six capable judges sat *in banc* on such reviews (District Court Rules 1 to 13, promulgated October 23, 1928) has been taken away. Such had been the practice in force since the origin of our Municipal Court (General Statutes 1913, Section 280). The Legislature in 1937, inspired by someone not interested in economy or convenience to litigants or the distribution of the work of the courts, took away this right of appeal and compelled appeals to be made direct to this [supreme] court (Chapter 143, Session Laws 1937)."

With this comment we are entirely in accord.

Order reversed.

UPON APPLICATION FOR REARGUMENT.

On April 30, 1943, the following opinion was filed:

PER CURIAM.

Respondent has petitioned for reargument although he did not file a brief in this case on the appeal, having apparently relied upon the trial court's memorandum. He now calls our attention to the fact that relator's address did not appear upon the "proof of service." This fact did not appear in the only brief before us, nor in the memorandum of the trial judge. But the supposed defect is obviously not one affecting jurisdiction. Rather, the claimed requirement is no more than directory in its nature and purpose. We think the court had jurisdiction, and, as such, the defect was

"amendable or might be disregarded." *Cf*. Melvey v. Bowman, 169 Minn. 504, 505, 212 N. W. 194, 195.

The petition for reargument is denied.