This is an appeal from a denial of a motion for relief from default judgment.
On March 22, 1985 the defendant's automobile collided with that of the plaintiff. The defendant's mother was driving defendant's car when the accident occurred.
On May 21, 1985 the plaintiff, Edwin R. Calame, filed a summons and complaint against the defendant, Willie Joe Mickens, as well as against Jessie Cook Mickens and fictitious parties X, Y, and Z. Mickens's mother, Jennie Mickens, was not named in the lawsuit.
A copy of the summons and complaint was served on the defendant on July 13, 1985. Defendant failed to respond to the summons, and a default judgment was entered against him on August 6, 1985 in the District Court of Jefferson County.
Defendant, pursuant to Alabama Rules of Civil Procedure 60 (b), moved that the district court relieve him of the default on two grounds: (1) that the judgment was void for failure to comply with Rule 4 (a)(2), A.R.Civ.P. [60 (b)(4)], and (2) that judgment was the result of mistake, inadvertence, surprise, or excusable neglect [60 (b)(1)]. The district court denied defendant's 60 (b) motion to set aside the default judgment, and he appealed to the Jefferson County Circuit Court where his motion to set aside default was again denied. He appeals.
In brief here defendant argues in support of ground one of his 60 (b) motion that the summons and complaint are defective because: (1) the summons was directed to the sheriff; (2) the summons and complaint failed to specify the time within which the defendant was to appear and defend; and (3) the summons and complaint failed to notify the defendant that his failure to appear and defend would result in a default judgment being entered against him.
Review of the denial of an A.R.Civ.P. 60 (b) motion does not encompass an examination of the correctness of the judgment
that the party desires set aside; instead, review is of the correctness of the order denying the motion to set aside the default judgment. Moore v. Moore, 424 So.2d 1312 (Ala.Civ.App. 1982). However, as the defendant has asserted that the underlying judgment is void due to the defective nature of the summons and complaint, "[w]e must determine if the underlying judgment is indeed void in order to review the correctness of the trial court's denial of relief from the judgment." Moore,supra.
We have previously held that a party seeking relief from judgment pursuant to A.R.Civ.P. 60 (b) must allege and prove one of the grounds enumerated in the rules, as well as a meritorious defense to the cause of action against him. Rainev. First Western Bank, 362 So.2d 846 (Ala. 1978). However, in those cases where the judgment underlying the order is deemed void, the party does not have to establish a meritorious defense. Raine, supra. Thus, if we conclude the judgment was void, we need not consider defendant's contention that he has a meritorious defense.
Defendant maintained that the judgment was void as the summons and complaint were defective. Among the fatal defects alleged by the defendant was his contention that the summons and complaint failed to notify defendant of the consequences of a failure to respond. We have examined the summons provided to the defendant and find that it fails to communicate in any way that a failure to respond *Page 507 
will result in a default judgment being entered against him.
A.R.Civ.P. 4 (a)(2) enumerates certain requirements with regard to the form of a summons. One such requirement is that the summons "shall notify him [defendant] that, in case of his failure to do so [respond], judgment by default will be rendered against him for the relief demanded in the complaint." A.R.Civ.P. 4 (a)(2).
Although we have never considered the consequences of a summons devoid of this provision, we note that the Eighth Circuit has considered this particular question and determined that a summons lacking language warning of default consequences for a failure to respond was fatally defective. United Statesv. Van Dusen, 78 F.2d 121 (8th Cir. 1935).
After a comparison of the summons used by the plaintiff and the suggested summons form for district court cases appearing in A.R.Civ.P., Appendix — District Court and Small Claims Forms, we note that the language in the body of the suggested summons meriting special typeface emphasis is the very languageabsent from the summons served on defendant — the language warning of default for failure to respond.
Further, it is a well-settled rule that default judgments are not favored. Agio Industries, Inc. v. Delta Oil Co.,485 So.2d 340 (Ala.Civ.App. 1986). In light of this rule and the defective nature of the summons, we conclude that the judgment underlying the order denying relief from judgment is void. We consider such conclusion to be in keeping with the obvious intent of the rule, which is to inform the defendant that the failure to respond will result in a default judgment.
In the case at bar there was no response by the defendant and a default judgment was rendered against him. It is not unreasonable to assume that had he been informed of the consequences of his failure to respond, defendant would have answered the complaint within the time allotted to avoid a default. Otherwise, what purpose is served by requiring the summons to contain language informing defendant of the consequences of his failure to respond to the complaint? We can think of none.
Although we are of the opinion that the absence of the language indicating possible default is fatal to the summons, we also consider defendant's assertion that the summons was improperly directed to the sheriff. Once again, the language of Rule 4 (a)(2), A.R.Civ.P., requires that "[t]he summons . . . be directed to the defendant."
In Van Dusen, supra, a summons was improperly directed to the federal marshal rather than to the defendant. The Eighth Circuit held that as a result the summons failed to meet the requirements of the applicable Minnesota statute which, like Rule 4 (a)(2), A.R.Civ.P., required that "[t]he summons be directed to the defendant." Van Dusen, supra.
The summons in the case at bar, although it is very similar to the suggested summons form for circuit court cases found in A.R.Civ.P., Appendix I — Forms, lacks language found in that form as well as the appropriate district court form: Notice to Defendant. See also, A.R.Civ.P., Appendix — District Court and Small Claims Forms. In fact, the language of the summons at bar requiring defendant's appearance in district court within fourteen days is simply a directive to the sheriff. The summons before us, in comparison to those found in the A.R.Civ.P. appendices, fails to direct any of its admonitions to the defendant. Thus, the summons before us, like the summons in VanDusen, fails to conform to another requirement under A.R.Civ.P. (4)(a)(2).
We would also point out that although a fourteen day time limit to respond was located on the summons, it was not actually directed to the defendant. Coupled with the other defects of the summons, we find that it was insufficient under the requirements of the rules.
We, therefore, hold that the failure of the summons in the case at bar to contain the required language set out in Rule *Page 508 
4 (a)(2), A.R.Civ.P., was prejudicial to the defendant and requires the default judgment rendered against him to be set aside. Consequently, the trial court's judgment denying defendant's 60 (b) motion is reversed and the cause is remanded for entry of judgment granting the defendant's 60 (b) motion, setting aside the default judgment, and setting the matter for hearing on its merits.
REVERSED AND REMANDED WITH DIRECTIONS.
WRIGHT, P.J., and HOLMES, J., concur.